# AXEL HAGSTROM v. ALEXANDER McDOUGALL.[1]

December 17, 1915.

Nos. 19,460—(115).

**Contract — parol modification of writing.**

1. A written contract may be modified by parol; and it is *held* that the court was in error in striking from the record evidence having some tendency to prove that the contract involved was modified.

**Rulings on evidence.**

2. Various rulings of the trial court as to conversations of the parties in connection with the written contract and not in the way of a valid modification of it *held* correct.

**New trial — limitation of issues to be tried.**

3. When a new trial is granted it may, in a proper case, be limited to a trial of issues constituting less than an entire cause of action; and this is a proper case for the application of the rule, the only error being a denial of the right to offer evidence as to certain distinct claims, such error not otherwise affecting the verdict.

Action in the district court for St. Louis county to recover $7,978.23 upon a logging contract. The case was tried before Fesler, J., and a jury which returned a verdict for $776.50. Plaintiff's motion for a new trial upon the second cause of action was denied. From the judgment entered pursuant to the verdict, plaintiff appealed. Reversed.

*John E. Samuelson,* for appellant.

*William P. Harrison,* for respondent.

DIBELL, C.

Action by plaintiff to recover of defendant upon a contract for getting out the forest products on certain lands in Wisconsin and delivering them at McDougall's Spur on the Duluth, South Shore & Atlantic Railway at Winnebijou. There was a verdict for the defendant, who interposed a counterclaim claiming overpayment, and judgment rendered in

[1]Reported in 155 N. W. 391.

Note.—As to parol modification of an original contract required to be in writing, see note in 4 L.R.A.(N.S.) 980.

his favor on the verdict for $851.73.   Plaintiff appeals from the judgment.

The case is before us on a bill of exceptions.

1. The contract was between the plaintiff and another, to whose rights plaintiff has succeeded, of the first part, and the defendant, of the second part, and bore date September 28, 1913.   The portions necessary to be quoted for the purposes of this review are the following:

"Said parties of the first part do hereby agree to cut, manufacture, produce, skid, safely transport and load on cars, as directed and ordered by party of the second part, all the timber on the lands above described at the following prices. * * *

"All of said timber products, herein mentioned, shall be cut, skidded, manufactured, produced and delivered by first parties to second party at McDougall Spur of the Duluth, South Shore & Atlantic Railroad, Winnebijou, Wisconsin, subject to orders, sale and convenience of said party of the second part, prior to May 1st, 1914.   Also to care for brush in compliance with the laws of the State of Wisconsin.

"Second party agrees to furnish shipping orders and facilitate dispatch as rapidly as existing market and railroad conditions will permit.   First parties agree to pile separately all timber products so that the same may be readily inspected, and to load each and all timber products separately, or collectively, as may be directed by party of the second part or his representative, and agree to load not less than the established railway minimum on any car of any product, said loading to be performed in a safe and thorough manner in accordance with the rules of the above mentioned railroad company. * * *

"Party of the second part is hereby given the right at any time to load said products or any part thereof on cars, and charge the cost of such loading to parties of the first part."

The plaintiff claims, in effect, that on January 14, 1914, the contract was modified, so that the timber might remain until spring, and he was to be paid for constructing a landing, and the extra cost of reloading from the skids to the cars.   A written contract may be modified by parol. Youngberg v. Lamberton, 91 Minn. 100, 97 N. W. 571.

If in January, 1914, the plaintiff and defendant agreed that cars need not be furnished and that the shipment of the forest products might be

delayed until spring, defendant being then under a subsisting obligation to expedite shipments, and being by the new arrangement released therefrom, and that the plaintiff should clear a landing so that the timber could be skidded at the spur, and should be paid the reasonable cost of it, and the additional expense of reloading from the skids to the cars in the spring, the surrender by the plaintiff of the obligation resting upon the defendant to expedite shipments would be a consideration for the defendant's promise to pay and a valid modification might be found. Such a situation would not be controlled by King v. Duluth, Missabe & N. Ry. Co. 61 Minn. 482, 63 N. W. 1105. The bill of exceptions shows these proceedings:

"By Mr. Samuelson:

"Q. Did you at that time demand that cars be furnished to you for the loading out of that timber product? A. Yes.

"Q. Were cars furnished to you at that time? A. No.

"Q. Was there any reason given by the defendant at that time for his failure to furnish you with cars? A. Yes.

"Q. What reasons were given by him at that time for his failure to furnish cars? A. It was he couldn't sell the logs, and he couldn't sell the stuff what was cut in the woods, and he said that he—

"Mr. Harrison: I object to the witness continuing; he has fully answered the question.

"The Court: I don't know whether he has answered it fully, or not. You may proceed.

"A. He said if he could hold it until in the spring of the year he would get a better price for it and told us to go ahead and he would pay for the clearing of the land and pay for the decking and pay for what extra men I had to load the logs out of skids again in the spring of the year."

The last answer was stricken on motion of the defendant upon the grounds, among others, that the contract bound the plaintiff to do what he claimed the defendant promised to pay him for doing and that the promise was without consideration. It does not seem that Captain McDougall was in default in failing to furnish cars. Still, if the parties chose to modify their contract, in the respect before mentioned, they might do so; and the evidence stricken had some evidentiary force in proof of a modification. We think it was error to strike it.

2. The plaintiff alleges some six or eight erroneous rulings upon the introduction of testimony. They relate to the rulings of the court upon plaintiff's offers of parol testimony of prior, contemporaneous and subsequent conversations in connection with the written contract, but not at all in the way of a valid modification of it. If we accepted his claim, little would be left of the familiar rule that resort cannot be had to parol evidence to change the terms of a written contract into which parties have put their meaning. The rulings of the trial court were correct, and we mention plaintiff's claim only to avoid possible confusion on a new trial.

3. In a proper case, where a new trial is granted, it may be limited to a trial of issues constituting less than an entire cause of action. See 2 Dunnell, Minn. Dig. §§ 7079, 7089. We see no necessity of a retrial of all the issues. The verdict in favor of the defendant, with accruing interest, should be taken as representing the rights of the parties, subject to a change upon a trial of the issues bearing upon the two items mentioned of which there has been no trial. There was no error except as to these two items. If a change is made by a trial of these two items, the court can make an adjustment, and if no change is made judgment can be entered upon the verdict.

Judgment reversed. ⸻