should be left to the surrogate to decide upon the accounting by the administrator. In the deed of trust the trustee was given a power of sale which survived the life beneficiary. The language of the deed created an express trust of the power and authority of the trustee as to constitute an equitable conversion of the realty into personalty. See Matter of Earnshaw, 196 N. Y. 330, 89 N. E. 825; Lawrence v. Littlefield, 215 N. Y. 561, 109 N. E. 611. I therefore direct the trustee to sell the real estate and pay over the proceeds thereof to the administrator.

As to the claim of the defendant Musgrave upon the judgment obtained by him in the Municipal Court, it is apparent from an examination of the record upon which the judgment is predicated that the court had absolutely no jurisdiction. Henrietta Chappell at the time of its entry was an incompetent, having been committed by an order of this court to an institution for the insane. No committee of the person and property and no guardian had been appointed. It is true that the Municipal Court justice directed service on a person, but no provision was made to guard the interest of the incompetent. As was said in American Mortgage Co. v. Dewey, 106 App. Div. 389, 94 N. Y. Supp. 808, the Supreme Court has inherent power to protect interests of incompetents in addition to the power conferred by the Code of Civil Procedure, and where an order permitting service upon a third person is made it should be sufficiently broad as to enable him to look after the interests of the incompetent. See, also, Sporza v. German Savings Bank, 192 N. Y. at page 14, 84 N. E. 406. Without attempting to pass upon the merits of Musgrave's claim, I find that the judgment obtained is void for lack of jurisdiction.

Submit findings and decree in accordance with the views herein expressed.

---

TROMBLEE v. NORTH AMERICAN ACC. INS. CO.

(Supreme Court, Appellate Division, Third Department. May 3, 1916.)

1. INSURANCE ☞665(5)—ACTIONS—SUFFICIENCY OF EVIDENCE.

In suit upon accident policy for death, evidence that deceased, in getting out of his hack, fell on his back, and seemed dazed, and complained of injury to his head, dying two days later, defendant claiming death from deceased's heart, *held* to sustain a verdict for beneficiary.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1719, 1721, 1722; Dec. Dig. ☞665(5).]

2. EVIDENCE ☞127(4)—DECLARATION—STATEMENT SHOWING PHYSICAL CONDITION.

Complaints by deceased of pain the day after an accident *held* admissible in suit on accident policy.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 381; Dec. Dig. ☞127(4).]

3. EVIDENCE ☞127(4)—RES GESTÆ—COMPLAINTS OF SUFFERING.

Involuntary exclamations, which are natural concomitants and manifestations of pain and suffering, are admissible, where they form part of the res gestæ.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 381; Dec. Dig. ☞127(4).]

4. INSURANCE ⊗⇒668(14)—PROOF OF LOSS—TIME OF PROOF.

Where notice of an accident was required in an accident policy to be given as soon as reasonably possible, and deceased died December 31st, and notice was mailed to local agents the following January 19th, and received by the head office January 23d, *held*, refusal to hold as a matter of law that the notice was not timely is not error.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1747, 1749, 1750, 1766, 1768; Dec. Dig. ⊗⇒668(14).]

5. APPEAL AND ERROR ⊗⇒1039(2)—REFUSAL—TECHNICAL ERROR.

In a suit on an accident policy, where the complaint is technically insufficient in alleging that accident directly caused the death of insured, where litigation has been concluded, and requests of defendant that the death must have resulted directly and exclusively from the accident were charged, the judgment will not be reversed on account of the technical error in the complaint.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4075; Dec. Dig. ⊗⇒1039(2).]

Appeal from Trial Term, Warren County.

Action by Lilla D. Tromblee against the North American Accident Insurance Company. From a judgment for plaintiff upon a jury verdict, and an order denying defendant's motion for a new trial, defendant appeals. Affirmed.

Argued before KELLOGG, P. J., and LYON, HOWARD, WOODWARD, and COCHRANE, JJ.

Chambers & Finn, of Glens Falls (Walter A. Chambers, of Glens Falls, of counsel), for appellant.

James McPhillips, of Glens Falls, for respondent.

JOHN M. KELLOGG, P. J.   [1] It was for the plaintiff to allege and prove that bodily injuries sustained by her husband through accidental means, independently and exclusive of all other causes, resulted in his death. She alleges he was injured December 29, 1914; he died December 31st. The defendant denies the injury, and contends that death resulted from heart disease and other diseases. A hackman swears that the deceased, in getting out of his hack, fell upon his back and head, and seemed dazed. Upon entering his house, his wife, the plaintiff, says he was dazed, and complained of injury at the back of his head, and apparently suffered from the injury. Plaintiff's expert evidence tends to show that death resulted from concussion of the brain. The defendant's evidence is to the contrary, and indicates that it resulted from a diseased heart, and that the deceased had other diseases which might well have caused his death. The lines were sharply drawn; able experts were called; their testimony cannot be reconciled; the judge, in substance, so informed the jury, and it was a question of fact for the jury, after having heard the experts and considered in full the details and results of the autopsy, as to what was the cause of the death. They have decided all the questions of fact in favor of the plaintiff, and we are unable to say that such decision is not fairly sustained by the evidence.

[2, 3] The plaintiff's daughter was not at home at the time of the alleged injury. She returned home at about 10 o'clock at night, and did

⊗⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

not see her father until the next morning at breakfast. She was asked, "Did he complain of pain?" The defendant's counsel objected as incompetent, improper, irrelevant, and not a part of the res gestæ. The objection was overruled and the defendant excepted. "A. Yes, sir. Q. And did he tell you where it was? A. In the small of the back and right down here in the neck." It is urged that this evidence was incompetent, and calls for a reversal. Prior to the time when a party could be sworn in his own behalf, it was competent to prove his declarations of pain. Caldwell v. Murphy, 11 N. Y. 416; Werely v. Persons, 28 N. Y. 344, 84 Am. Dec. 346. But when a party was permitted to be sworn in his own behalf it was held the rule was changed. The admission of such testimony seemed to have rested upon necessity, as otherwise there was no way of proving pain. But when the party could be sworn there was no necessity, and the evidence was excluded. Roche v. Brooklyn City & Newtown R. R. Co., 105 N. Y. 294, 296, 11 N. E. 630, 59 Am. Rep. 506. Although involuntary exclamations, which are natural concomitants and manifestations of pain and suffering, are still admissible where they form part of the res gestæ. Kennedy v. Rochester City & Brighton Railroad Co., 130 N. Y. 655, 658, 29 N. E. 141. The plaintiff, by reason of her husband's death, cannot prove that he was suffering pain, or where the pain was, otherwise than by his declarations, and it seems that within the rule of the cases above cited such proof is admissible. We conclude, therefore, that the exception to this evidence was not well taken.

[4] The policy required that notice of the accident must be given to the company at its home office in Chicago "as soon as may be reasonably possible." The notice in this case was mailed to the local agents of the defendant at Glens Falls January 19th, and by them was forwarded to the Chicago office of the defendant, and it admitted receipt thereof to the plaintiff's attorney January 23, 1915. The court properly refused to hold as matter of law that the notice was not timely and properly given under the policy. The plaintiff had a reasonable time under the circumstances in which to give the notice. It is evident that for some time after her husband's death the plaintiff did not realize that death resulted from the injury.

[5] The complaint alleged that the insured, after alighting from an automobile, slipped and fell to the ground, receiving injuries covered by the said policy, and from the effects of and as a result of which he subsequently died on the 31st of December, 1914. The defendant, at the opening of the trial, moved to dismiss the complaint, upon the ground that it did not appear that the death resulted directly from the accident, independently and exclusively of all other causes. The court held that the complaint, in substance, met the conditions of the policy; that if the death resulted from the accident there could be no other cause; that it alleged in substance that he died as the direct result of the accident, and that that implied that he did not die of anything else; but suggested that, if the complaint was defective, an amendment would be allowed. No amendment, however, was in form made. The defendant excepted. The form of the complaint, as applied to this policy, is not to be commended, and while we think an

amendment should have been in fact made, the question has been fully litigated; the requests of the defendant that the death must have resulted directly, independently, and exclusively from the accident were charged; and it would seem to be a technical error now to reverse the judgment on account of the mere verbiage of the complaint, when the facts were fully litigated, the complaint fully understood, and the proof met the terms of the policy. We feel, if a technical error was committed in this respect, it should be disregarded.

The judgment should therefore be affirmed, with costs.

LYON, HOWARD, and WOODWARD, JJ., concur. COCHRANE, J., concurs in result. .