## LUCY E. POWERS v. THE FIDELITY AND CASUALTY COMPANY OF NEW YORK.[1]

### December 12, 1919.

### No. 21,519.

**Health and accident insurance — false statements in application — question for jury.**

1. In an action to recover on a health and accident policy, whether the insured made statements in his application which were false, was, under the evidence, a question for the jury.

**Same — written notice of injury — question for jury.**

2. Under an insurance policy which provides that written notice of injury must be given within 20 days after the date of the accident, but failure to give such notice within that time shall not invalidate the claim if it was given as soon as reasonably possible, the mailing of a letter properly addressed to the general agent of the company, with postage paid, was sufficient to make a question of notice for the jury.

[1]Reported in 175 N. W. 111.

**Same—mailing notice of injury.**

 3. Notice of loss, in the form of a verified statement made in dupli-
cate, one copy being properly mailed to the company at its office in New
York, and the other to its authorized agent in St. Paul, so that the agent
might receive the same in the ordinary course of mail within the time
limited for giving such notice, is sufficient.

**Same — evidence of accident sufficient.**

 4. The evidence considered and *held* sufficient to sustain a finding that
the death of the insured was the result of an accident.

Action in the district court for Stearns county to recover $2,000 upon
defendant's health and accident insurance policy. The facts are stated
in the opinion. The case was tried before Roeser, J., who when plaintiff
rested denied defendant's motion to dismiss the action on the grounds
that plaintiff had failed to establish a cause of action; that no notice was
given to the company within 20 days after the date of the accident; that
immediate notice of the alleged accidental death was not given to the
company; that no proof of loss, disability or death of the assured was
given within 90 days after the death of the assured, as provided by the
policy; that the evidence showed as a matter of fact death was not caused
solely by accidental means, but was due to disease, and that the action
was brought within 60 days after furnishing proof of loss of death, and
at the close of the testimony denied defendant's motion for a directed
verdict, and a jury which returned a verdict for the amount demanded.
From an order denying its motion for judgment notwithstanding the
verdict or for a new trial, defendant appealed. Affirmed.

*A. G. Briggs* and *Charles H. Weyl,* for appellant.

*Donohue & Quigley* and *W. J. Stephens,* for respondent.

QUINN, J.

Action to recover on a health and accident policy issued by the defend-
ant to Raymond J. Ziegler, in which his mother was named as bene-
ficiary. Plaintiff had a verdict, and from an order denying its alternative
motion for judgment or a new trial defendant appealed.

On April 24, 1918, Ziegler signed an application and thereafter re-
ceived from the defendant a policy for $2,000 as of that date. He died
at his mother's home in Melrose, Minnesota, on July 2 following, as the

result, it is claimed, of an injury received on the twelfth day of May, 1918.

It is contended on behalf of the plaintiff that on May 12, while Ziegler was standing on a ladder engaged in the act of removing a storm window from his mother's residence, the round of the ladder on which he was standing broke, and he fell astride of the round below, thereby causing the injury which resulted in his death; that on the day following such injury Ziegler resumed his work as time-keeper for a crew of sectionmen, and so continued to work until June 23, when he was taken seriously ill as the result of such injury and died on July 2.

It is contended on behalf of the defendant: (1) That Ziegler made statements in his policy which were false and which materially affected the acceptance of the risk and the hazard assumed; (2) that no written notice of injury was given defendant within 20 days after the date of the injury; (3) that affirmative proof of loss was not furnished the defendant within 90 days after the loss; (4) that the plaintiff failed to establish that death was caused by accidental means.

1. The application contains the following: "I am in sound condition mentally and physically. * * * I have not been disabled nor have I received medical or surgical attention during the past seven years * * *." Appellant insists that these statements are false. This the plaintiff denies. The trial court instructed the jury that such representations were material to the right of the plaintiff to recover, and left it to them to say whether they were false, and that if they were plaintiff could not recover. The burden was upon defendant to show that they were not true. The evidence sustains the finding of the jury. Ziegler was less than 20 years of age and had made his home with his mother. She was assisting him in removing the window and testified as to the manner of his fall and injury; that he had always had good health; had never been sick, and had never had an accident that she knew of. In this she was corroborated by the testimony of her husband. To establish the falsity of these statements defendant offered the testimony of several witnesses. The witness Keppers testified that Ziegler worked under him for a week in March, 1918; that he saw him take medicine from a bottle and that Ziegler told him he had a touch of pneumonia the winter before. Bartell testified that Ziegler worked with him in April and May, 1918; that they

bunked in the same car; that Ziegler did not seem very lively and that his kidneys seemed to bother him. Branley testified that Ziegler told him that in the fall of 1916 or the winter of 1917, when he was using an iron crow-bar, it slipped and injured him so that he had to lay off for a day or two. All of this testimony may have been true, and yet the statements in the policy not false. Nor does the opinion testimony given by Dr. Goehrs change the situation. Whether such statements were false or true was clearly for the jury under the testimony.

2. The policy provides that written notice of injury must be given to the company within 20 days after the date of the accident; that notice given to the company at its home office, or to any authorized agent, with particulars sufficient to identify the insured, shall be deemed notice to the company. Failure to give such notice within the time provided shall not invalidate any claim if it shall be shown not to have been reasonably possible to give such notice, and that it was given as soon as was reasonably possible. The plaintiff claims that she had no knowledge that her son held this policy until June 27, and that she wrote a letter on July 10, as soon as she returned from the funeral and had sufficiently recovered. It is admitted that this letter was received, but it is claimed by the company that it was not sufficient, in that it did not state that death was the result of an accident. The plaintiff testified that on July 11 her attorney drew up a notice of death by accident, a carbon copy of which was put in evidence, and that she mailed the original thereof in the post office at Melrose, addressed to the defendant's district agent in St. Paul, with postage paid thereon. Defendant denies that such notice was ever received. Where a letter is deposited in the mail, postage paid and properly addressed, there is a strong presumption that it reached its destination in due course of mail. Ruder v. National Council K. & L. of S. 124 Minn. 431, 145 N. W. 118. Applying this presumption the jury was justified in finding that the letter was mailed and that the notice was received.

3. It is claimed that the plaintiff failed to furnish affirmative proof of loss to the company within 90 days after death. The policy provides that such proof be furnished. The plaintiff claims that she furnished such proof in the form of a verified statement which her attorneys made in duplicate; that she mailed the original thereof to the company in New

York and a carbon copy to its agent in St. Paul on September 30, 1918. This notice was offered in evidence and received without objection. It was signed and verified by the plaintiff and contained the following statement: "Ziegler received injuries to his body and person on the 12th day of May, 1918, by accidental means, from which said injuries he died, on the 2nd day of July, 1918." Accompanying this notice was a letter signed by the plaintiff which was offered in evidence and received under objection, which it is insisted was error. This letter made reference to the notice which the plaintiff claims she mailed to the defendant on July 11, the carbon of which discloses that it contained the same statement contained in the notice of September 30. While the letter offered might have been objectionable from a technical standpoint, we are unable to discover anything therein prejudicial to the rights of the defendant under the proofs offered. The references therein were consistent with the contentions made on behalf of the plaintiff as to what had occurred with reference to notice prior to the writing of such letter. Stamped upon the policy appears the following:

"NOTICE in case of disability covered by this policy
NOTIFY ANDREW LILLEY, District Agent.
"517 Pioneer Building,
"St. Paul, Minn."

The notice mailed on September 30 was in sufficient time to have reached the agent at St. Paul in the usual course of mail within 90 days after the date of death. If the notice of July 11 was mailed as claimed, that notice would have been sufficient. The question of notice was carefully, and we think correctly, submitted to the jury by the trial court, and the verdict in this respect was supported, by the evidence.

4. The policy, by its terms, insured against bodily injury through external and accidental means resulting directly, independently and exclusively of all other causes, in total disability or death. According to the plaintiff's theory the accident occurred on May 12, 1918. The plaintiff and her husband both testified that the young man, prior to that time, was strong and active and that he had never been sick.

Dr. Campbell, the family physician, testified, that he had known the young man for eight or nine years; that he prescribed for him in April and May subsequent to the issuance of the policy in question for a slight

cold, which had nothing to do with his death, and that at that time he was strong and healthy; that he treated the boy from June 23 to the time of his death; that the cause of his death was peritonitis, resulting from his fall and injury on the ladder; that he examined the discharge from the injured parts under a microscope and there was no tuberculosis about it.

Dr. Boehm testified that he had listened to the testimony upon the trial as to the accident and alleged injury of the deceased on May 12, and, assuming the same to be true, it was his opinion that the trouble was due to the injury received on the ladder, and that peritonitis was the cause of death.

Dr. Goehrs, called by the defendant, testified that the young man came to his office in the latter part of May, 1918; that he examined his person and that he told the patient that it was absolutely a surgical case, and that unless something was done it would lead to something serious; that the boy went away and he never saw him afterwards. The doctor further testified that he had heard all of the testimony upon the trial, and that, assuming it to be true as to the boy's previous condition, it was his opinion that the cause of death was tuberculosis, that the accident had nothing to do with it, and that the tubercular condition had existed for several months at least. Dr. Dunn's testimony was in corroboration of that of Dr. Goehrs as to the cause of death. There was no other medical testimony in the case.

We think that the cause of Ziegler's death, under the evidence, was a question of fact for the jury and that the verdict is sustained by the proofs. We find no reversible error in the rulings upon the admissibility of evidence, nor in the charge of the court when considered as a whole.

Affirmed.