**ZURICH GENERAL ACCIDENT & LIABILITY INS. CO., LIMITED, OF ZURICH, SWITZERLAND, v. FLICKINGER.**

Circuit Court of Appeals, Fourth Circuit. July 1, 1929.

No. 2845.

Vivian L. Page and Ivor A. Page, both of Norfolk, Va. (Reginald J. D. Page, of Norfolk, Va., on the brief), for appellant.

S. M. Brandt, of Norfolk, Va., for appellee.

Before WADDILL, PARKER, and NORTHCOTT, Circuit Judges.

PARKER, Circuit Judge. This is an appeal from a judgment for the plaintiff on an accident insurance policy. A number of exceptions were taken by defendant during the trial, but only one of the assignments of error complies with rule 11 of the court. That assignment, however, which is directed to the refusal to direct a verdict for defendant, is sufficient to present for our consideration all of the points upon which defendant relies, viz. that the death of insured did not result from accidental means within the meaning of the policy, that his death resulted from violation of law, and that the policy was void because of false statements in the application as to his habits.

The insured, Samuel Peyton Flickinger, died as the result of drinking wood alcohol contained in gin cocktails served to him by a friend. The circumstances attending his death are brief and tragic. He had recently become engaged to be married, and with his fiancée was invited to attend a week-end party given in their honor by a friend in the city of Baltimore. This friend purchased what he thought was grain alcohol, and, with the addition of other ingredients, prepared synthetic gin cocktails, which were freely imbibed by the members of the party, including insured. On the following day, all who had partaken of the cocktails became violently ill, with symptoms of wood alcohol poisoning, and the illness resulted fatally to insured, his fiancée, and the wife of his host. The beverage which they had been drinking was analyzed and found to contain wood alcohol, and a post mortem examination of the body of insured showed conclusively that his death was caused by the poison contained in wood alcohol.

The policy sued on insured against loss of life "resulting from bodily injuries, * * * directly and independently of all other causes, through accidental means." And in the application for the policy, which was signed approximately two years prior to his death, insured represented that his habits of life were correct and temperate.

On the first and principal contention of defendant, we think there can be no question that the death of insured resulted from accidental means within the meaning of the policy. Insured intended, it is true, to drink the cocktails which he did drink and which caused his death, but he did not intend to drink poisonous wood alcohol, and did not know that wood alcohol was contained in what he was drinking. The case falls squarely, therefore, within the oft-quoted rule laid down by Mr. Justice Blatchford in the leading case of U. S. Mutual Accident Ass'n v. Barry, 131 U. S. 100, 9 S. Ct. 755, 759, 33 L. Ed. 60: "If in the act which precedes the injury something unforeseen, unexpected, unusual, occurs, which produces the injury, then the injury has resulted through accidental means." Here the act which preceded the injury was the drinking of the supposed intoxicating beverage. And the thing which was "unforeseen, unexpected or unusual" therein was the fact that it contained wood alcohol, a deadly poison. In other words, there was the unintentional and unexpected drinking by insured of a poisonous substance.

Judge Sanborn, speaking for the Circuit Court of Appeals of the Eighth Circuit, in Western Commercial Travelers' Ass'n v. Smith, 85 F. 401, 40 L. R. A. 653, laid down a definition of "accidental means" which has been approved by the Circuit Court of Appeals of the Second Circuit in Ætna Life Ins. Co. v. Brand, 265 F. 6, 13 A. L. R. 657, and by this court in the recent cases of Mutual Life Ins. Co. v. Dodge, 11 F.(2d) 486, 59 A. L. R. 1240, and Continental Casualty Co. v. Willis, 28 F.(2d) 707. Said he:

"An effect which is the natural and probable consequence of an act or course of action is not an accident, nor is it produced by accidental means. It is either the result of actual design, or it falls under the maxim that every man must be held to intend the natural and probable consequence of his deeds. On the other hand, an effect which is not the natural or probable consequence of the means which produced it, an effect which does not ordinarily follow and cannot be rea-

sonably anticipated from the use of those means, an effect which the actor did not intend to produce and which he cannot be charged with the design of producing, * * * is produced by accidental means. It is produced by means which were neither designed nor calculated to cause it. Such an effect is not the result of design, cannot be reasonably anticipated, is unexpected, and is produced by an unusual combination of fortuitous circumstances; in other words, it is produced by accidental means."

There would seem to be no room for argument that under this definition a death which results from unintentionally drinking wood alcohol while supposedly drinking an ordinary gin cocktail is a death from accidental means. The case is entirely unlike that of Calkins v. National Travelers' Ass'n, 200 Iowa, 60, 204 N. W. 406, 41 A. L. R. 363, for there the insured drank exactly what he intended to drink, and his death was the natural consequence thereof. This case falls within the class of cases involving the unintentional taking of poison, cases in which the insured intended to swallow what he did swallow, but was ignorant of the fact that it contained poison. Such cases, without exception, have been held to involve death by accidental means. Healey v. Mutual Accident Ass'n of the Northwest, 133 Ill. 556, 25 N. E. 52, 9 L. R. A. 371, 23 Am. St. Rep. 637; Travelers' Ins. Co. v. Dunlap, 160 Ill. 642, 43 N. E. 765, 52 Am. St. Rep. 355, and note; Carnes v. Iowa State Traveling Men's Ass'n, 106 Iowa, 281, 76 N. W. 683, 68 Am. St. Rep. 306, and note; 1 C. J. 427. And see, also, the recent case of Brown v. Continental Casualty Co., 161 La. 229, 108 So. 464, 45 A. L. R. 1521.

In Newsoms v. Commercial Casualty Ins. Co., 147 Va. 471, 137 S. E. 456, 52 A. L. R. 363, the death of insured was caused by eating a can of beans which produced ptomaine poisoning. In United States Casualty Co. v. Griffis, 186 Ind. 126, 114 N. E. 83, L. R. A. 1917F, 481, death was caused by eating poisonous mushrooms, and in both cases the death was held to have been caused by accidental means. There can be no distinction between these cases and the case at bar, and the following extract from the opinion in the Griffis Case exactly fits the situation presented here:

"Under the facts pleaded and proven, Mr. Griffis intended only to eat wholesome mushrooms; but, unexpectedly to him, the mushrooms eaten contained a foreign substance that was a virulent poison and constituted an agency of such violent character as to subvert the normal functions of his vital organs and produce death possibly quicker than would have happened had the foreign substance been a corrosive acid poison. * * * We are of the opinion that the unintentional taking of the poisonous substance contained in what deceased supposed to be edible mushrooms constituted an accidental means which caused the death."

Defendant also takes the position that it was negligence on the part of insured to drink what he knew was "bootleg" whisky; and that, this being true, his death was due to negligence and not to accidental means. But it is well settled that it is no defense to an action on an accident policy that the negligence of the insured caused or contributed to the injury, unless the policy expressly excepts from the risk accidents due to insured's negligence, which is not the case here. 1 C. J. 487, and cases cited, particularly Travelers' Ins. Co. v. Randolph (C. C. A. 6th) 78 F. 754, 762, and Travelers' Ins. Co. v. Melick (C. C. A. 8th) 65 F. 178, 27 L. R. A. 629.

It is next insisted that the death of insured resulted from his violation of law, and that consequently there can be no recovery on the policy. The answer to this is, in the first place, that it does not appear that the death of insured was the result of violation of law on his part. Assuming that the wood alcohol which caused his death was not pure wood alcohol, but was contained in a beverage which it was unlawful to sell, transport, or possess because of the provisions of the National Prohibition Act (27 USCA), there is no evidence that insured had any connection with it, except that he drank some of it at the invitation of his host; and it has been expressly held that to drink at the invitation of the owner does not involve such possession as to constitute a violation of the act. Colbaugh v. U. S. (C. C. A. 8th) 15 F.(2d) 929.

In the second place, the policy contains no provision exempting the insurer from liability for injury sustained as the result of violation of law, as did the policy in the case of Flannagan v. Provident Life & Accident Ins. Co. (C. C. A. 4th) 22 F.(2d) 136, 137. In the absence of such provision, we think it is clear that the insurer is liable, notwithstanding the insured may have been injured as a result of violating the law, if it does not appear that the policy was obtained in contemplation of such violation and the danger consequent thereon. 6 Cooley's Briefs on Insurance (2d Ed.) p. 5201 et seq.; 14 R. C. L. 1226; Jordan v. Logia Suprema, 23 Ariz. 584, 206 P. 162, 24 A. L. R. 974.

The cases of Burt v. Union Central Life Ins. Co., 187 U. S. 362, 23 S. Ct. 139, 47 L. Ed. 216, and Northwestern Mut. Life Ins. Co. v. McCue, 223 U. S. 234, 32 S. Ct. 220, 56 L. Ed. 419, 38 L. R. A. (N. S.) 57, relied upon by defendant, are not in point. They hold that death inflicted as punishment for crime is not one of the risks insured against in a life policy; but they do not hold that death resulting from an ordinary violation of law is not covered. It is a violation of law for two men to engage in an affray; but would any one contend that, in the absence of special provision in the policy, recovery could not be had for death resulting from such affray? It is a violation of law to drive an automobile at a greater rate of speed than prescribed by statute; but no one would contend, in the absence of special provision in the policy, that the beneficiary of one killed while speeding could not recover thereunder. To hold that death or injury from violation of law defeats recovery under a policy, in the absence of provision to that effect in the policy itself, would open up an avenue for evasion of liability which, so far as our investigation goes, no court has yet seen fit to open. If insurance companies desire to avoid liability on such ground, they should insert a clause in their policies to that effect.

The last contention of defendant is that the policy was rendered void because the insured, in his application, falsely stated that his habits of life were correct and temperate. It does not sufficiently appear from the testimony, however, that this representation was untrue within the meaning of the provisions of the policy, and it certainly does not appear that it was untrue when made, which was some two years before insured's death. And it is well settled that statements in an application for a policy which is renewed relate to the time when the original policy was issued; and, if they were true at that time, it is no defense that they may not have been true later or at the time of renewal. 1 C. J. 424; 4 Cooley's Briefs on Insurance (2d Ed.) p. 3127; Fidelity & Casualty Co. v. Meyer, 106 Ark. 91, 152 S. W. 995, 44 L. R. A. (N. S.) 493. And see Mut. Ben. L. Insurance Co. v. Higginbotham, 95 U. S. 380, 385, 24 L. Ed. 499, and New York Life Ins. Co. v. Moats (C. C. A. 9th) 207 F. 481, 492–494.

For the reasons stated, we think that the learned trial judge correctly refused to direct a verdict for the defendant. Although, as stated, the assignments of error properly present for our consideration only the exception taken to the refusal to direct a verdict, we have nevertheless examined all of the exceptions noted in the record, and think that they are without substantial merit. The case was fairly tried, and defendant has no ground of complaint. The judgment of the District Court will accordingly be affirmed.

Affirmed.