DELLA WHYTE, Appellee, v. UNION MUTUAL CASUALTY COMPANY, Appellant.

No. 39916.

NOVEMBER 21, 1929.

REHEARING DENIED FEBRUARY 15, 1930.

*Harold S. Thomas,* for appellant.

*Miller, Kelly, Shuttleworth & McManus,* for appellee.

KINDIG, J.—On November 9, 1925, the defendant-appellant, Union Mutual Casualty Company, an Iowa corporation, issued an accident policy to John J. Whyte, who then, and at his sub-sequent death, was the husband of the plaintiff-appellee. The wife was the beneficiary named in this policy. At the time the agreement was made, the said John J. Whyte was a resident of Golden Valley, North Dakota. Appellant insured said John J. Whyte, who by occupation was a physician and surgeon, against "the effects resulting directly and exclusively of all other causes from bodily injury sustained * * * solely through external, violent, and accidental means * * *." While this contract was in full force and effect, appellee's husband was killed, June 8, 1927, in an automobile catastrophe. Sometime in the early afternoon of that day, appellee's husband was driving a Tudor Ford coach on a public highway near Hebron, North Dakota, when he collided with a Ford truck driven by Fred Ward, a telephone employee. Soon after that unfortunate event, appellee's husband died. It is to recover under the policy for the death thus occurring that appellee has brought the present proceeding.

Admission is made by the appellant that the insurance contract was in existence and operation when appellee's husband died, but it is denied that the accident arose within the terms of the policy. Furthermore, by way of affirmative defense, appellant pleads that appellee's husband violated three North Dakota laws. They are: First, that he, while intoxicated, operated an automobile; second, that he drove on the wrong side of the road; and third, that he exceeded the speed limit of 30 miles per hour. Proof was furnished to show the existence of those North Dakota laws.

Basis for appellant's defense is found in the insurance policy, which contains, among others, the following provision:

"This policy does not cover * * * loss resulting from any act of the insured while engaged in or in consequence of any violation of the law."

Substantial evidence was introduced by appellant to support its defense that appellee's husband violated the three laws aforesaid. Accordingly, each element of the defense was submitted to the jury by the trial court. In so doing, however, that tribunal told the fact-finding body that, in order for appellant to establish the defense regarding law violations, it must prove: First, "that said insured, John J. Whyte [appellee's husband], did, in his act or conduct in one or more of the three particulars claimed by the defendant [appellant] in its answer, violate the laws of the state of North Dakota." Second, "that said acts or conduct in- violation of the laws of North Dakota was the direct, proximate, and sole cause of the injury and death of the said insured, John J. Whyte." About that instruction appellant complains, on the theory that there was imposed upon it an undue burden of proof. To particularize, appellant objects because the trial court required proof that one or more of said law violations "*solely* [the italics are ours] caused" John J. Whyte's death.

I. Continuing its argument, appellant urges that the only requirement for proof at this juncture is enough evidence to show such violations, or one of them, to be the proximate cause of, or to have a causative connection with, the injury and death. A criterion to guide us in determining this point must be sought in the contract itself.

So far as material, the important phrases of the policy are: "Loss resulting from or in consequence of." Adjectives, or other modifying words, are not supplied by the agreement. Their absence, however, does not, under the circumstances, mean that such law violations must be the sole, as distinguished from the proximate, cause of the injury and death. Under the circumstances, there is no warrant for supplying the word "sole," instead of "proximate." Moreover, a careful study of this clause in the insurance policy compels the conclusion that the undoubted purpose is to make the cause proximate, rather than sole. Otherwise, the agreement would accomplish something less than the parties intended, as a protection against law violations. Proximate, then, and not sole, is the test. 14 Ruling

Case Law 1254, Section 432; 1 Corpus Juris 457, Section 145; *Prader v. National Masonic Acc. Assn.*, 95 Iowa 149. Our holding in the *Prader* case is that loss (under a policy) resulting from bodily injury is proven by evidence showing that an accident was the ''proximate cause'' thereof.

Of course, each case must be controlled by the language of the agreement, and different phraseology might compel another result. *Jones v. United States Mut. Acc. Assn.*, 92 Iowa 652; *Matthes v. Imperial Acc. Assn.*, 110 Iowa 222; *Rowe v. United Com. Trav. Assn.*, 186 Iowa 454; 1 Corpus Juris 470, Section 180; *Knowlton v. Preferred Acc. Ins. Co.*, 199 Iowa 1172 (at page 1175).

II. Assuming, without conceding, that the foregoing is a true statement of the law, appellee maintains that appellant cannot benefit by the principle, for the reason that the answer expressly alleged that the law violations solely caused the death. Thus it is said by appellee that the appellant adopted its answer in that respect as the law of the case, and thereby led the district court into giving the challenged instruction. Appellee argues that, because the appellant thus led the trial court into error, advantage now cannot be taken of such mistake. Replying thereto, appellant explains that it offered instructions wherein the correct rule was stated. Hence, it is contended that the district court was advised in the premises.

But appellee asserts that appellant's requested instructions did not embody correct statements of the law in other respects, and therefore were properly rejected. Consequently, appellee insists that those imperfect requested instructions could not serve the purpose of calling the trial court's attention to appellant's changed theory. In *Kinyon v. Chicago & N. W. R. Co.*, 118 Iowa 349 (on page 361), we said:

''As a rule, instructions offered by counsel are not so framed that the court is justified in giving them literally as asked, but, if the main thought sought to be expressed contains a pertinent legal principle which is not already fully covered by other instructions given, the court should embody it in proper words in its own charge. Thus it may be said of the instructions asked by plaintiff in the present case that they are perhaps objectionable in form, and assume certain controverted facts as established, but they did present a phase of the law in harmony with

the conclusions we have herein announced, which should have had recognition by this court [district]."

As to whether appellant's requested instructions sufficiently pointed out the theory contended for, we do not now decide.  Nevertheless, the judgment of the district court must be reversed because at least one of appellant's defenses was overlooked, and not submitted to the jury. Section 11115 of the 1924 Code provides:

"The defendant may set forth in his answer as many causes of defense or counterclaim, whether legal or equitable, as he may have."

Following this, it is declared in Section 11181 of the same Code:

"A party shall not be compelled to prove * * * more than sufficient to sustain his defense."

Therefore, although appellant alleged several defenses, yet a freedom from liability was established if only one of them was, in fact, proven. By way of repetition, it is here suggested that appellant's answer contained four divisions: First, there was a general and special denial; second, there was an allegation that appellee's husband's death resulted "solely and exclusively by reason of his operation of said motor vehicle" while intoxicated; third, there was a declaration that such death was the direct and proximate result of violating the North Dakota speed laws; and fourth, there was the assertion that such death was a direct result and consequence of traveling on the wrong side of the road.

Throughout the answer it is made plain that each division is intended to state a separate and distinct defense. At the end of the fourth division there is a paragraph alleging that the three named violations were the "direct, proximate, and sole" cause of the death. That paragraph is not in a separate division, but immediately follows what otherwise would be Division 4. Conceding that said paragraph is not a separate and distinct defense, yet it has no greater effect than to be a part of Division 4. Necessarily, then, the net result thereof is an allegation in Division 4 to the effect that the matters alleged therein solely

caused the death. Such averment in Division 4 did not in any way overcome the defense set forth in Division 3, because each division is expressly made in addition to, and separate from, any other.

Wherefore, so far as Division 3 stated a different defense from that contained in any other division, appellant was entitled to have the jury receive the thought therein expressed. Division 3 did not embody the statement that the illegal act therein named was the sole cause of the death. The phraseology of Division 3 was that the proximate and direct cause of the death was the illegal speed. Under Division 3 of the answer, the death could have been surrounded by remote and indirect causes, and yet excessive speed would have been the proximate and direct cause thereof.

If, on the other hand, as required by the instruction actually given, it was incumbent upon appellant to prove that the illegal act named in Division 3 was not the proximate, but the sole, cause of the death, then there could not be present remote or indirect causes. Because of that erroneous instruction, the particular defense contained in said Division 3 was not submitted to the jury, and as a result thereof, appellant was prejudiced.

So the appellant is entitled to a new trial, and the judgment of the district court is reversed.—*Reversed.*

ALBERT, C. J., and EVANS, FAVILLE, and DE GRAFF, JJ., concur.