# TYNE SLEETER v. PROGRESSIVE ASSURANCE COMPANY.[1]

March 2, 1934.

No. 29,663.

[1]Reported in 253 N. W. 531.

*Nicholas Doll,* for appellant.

*Louis Sachs, M. H. Greenberg,* and *Edward Edelman,* for respondent.

*DIBELL, Justice.*

Action by the plaintiff as special administratrix of the estate of Matt Laitinen to recover on a policy of accident insurance issued by the defendant upon his life and payable to his estate. There was a verdict for the plaintiff for $1,500. The defendant appeals from an order denying its motion for a new trial.

■ The policy provided as to notice:

"Written notice of injury on which claim may be based must be given to the company within twenty days after the date of the accident causing such injury. In event of accidental death immediate notice thereof must be given to the company.

"* * * Failure to give notice within the time provided in this policy shall not invalidate any claim if it shall be shown not to have been reasonably possible to give such notice and that notice was given as soon as was reasonably possible."

110

The requirement that "immediate notice" be given suggests promptness and diligence and negatives unnecessary delay. It does not require the doing of unreasonable things. A sound, common sense construction is to be given. There is a compliance if notice is given within a reasonable time taking into consideration all the circumstances of the particular case. The authorities are so. Frommelt v. Travelers Ins. Co. 150 Minn. 66, 184 N. W. 565; Cady v. Fidelity & C. Co. 134 Wis. 322, 113 N. W. 967, 17 L.R.A.(N.S.) 260; Mandell v. Fidelity & C. Co. 170 Mass. 173, 49 N. E. 110, 64 A. S. R. 291; Curran v. National L. Ins. Co. 251 Pa. 420, 96 A. 1041; Feder v. Midland C. Co. 316 Ill. 552, 147 N. E. 468; Francis v. International Travelers Assn. (Tex. Civ. App.) 260 S. W. 938; Aetna L. Ins. Co. v. Bethel, 140 Ky. 609, 131 S. W. 523; Hughes v. Central Acc. Ins. Co. 222 Pa. 462, 71 A. 923; Aetna L. Ins. Co. v. Fitzgerald, 165 Ind. 317, 75 N. E. 262, 1 L.R.A.(N.S.) 422, 112 A. S. R. 232, 6 Ann. Cas. 551; 2 May, Ins. (4 ed.) § 462; 2 Bacon, Life & Acc. Ins. (4 ed.) § 570; 5 Joyce, Ins. (2 ed.) § 3292; 7 Cooley, Briefs on Ins. (2 ed.) p. 5914; Fuller, Acc. & Emp. Liability Ins. p. 372; Richards, Ins. (4 ed.) § 397; 7 Couch, Cyc. Ins. Law, § 1538f; Dec. Dig. Ins. § 539(3); 1 C. J. p. 474, § 185.

This is the rule applied in classes of insurance other than accident. Hagstrom v. American F. Co. 137 Minn. 391, 163 N. W. 670; C. S. Brackett & Co. v. General A. F. & L. Assur. Co. 140 Minn. 271, 167 N. W. 798, and cases cited; Farmers & M. State Bank v. Fidelity & D. Co. 163 Minn. 333, 204 N. W. 33, and cases cited.

■ Nor does the phrase "reasonably possible," found in the portion of the policy quoted, assuming for the moment that the 20-day provision applies to accidental death, demand the doing of something impossible or obedience to a command unduly exacting. It does no more than require the giving of notice within a time which is reasonable under all the facts and circumstances. This is the construction given it. Jones v. Fidelity & C. Co. 166 Minn. 100, 207 N. W. 179; Powers v. Fidelity & C. Co. 144 Minn. 282, 175 N. W. 111; Maryland C. Co. v. Ohle, 120 Md. 371, 87 A. 763; Pacific M. L. Ins. Co. v. Smith, 166 Ark. 403, 266 S. W. 279; Great American Co-op. F. Assn. v. Jenkins, 11 Ga. App. 784, 76 S. E. 159; Rich v.

Hartford A. & I. Co. 208 Ill. App. 506; Provident L. Ins. & Inv. Co. v. Baum, 29 Ind. 236; Providence L. Ins. & Inv. Co. v. Martin, 32 Md. 310, 315; Emerson v. Old Line L. Ins. Co. 190 Wis. 169, 208 N. W. 793; Higgins v. Midland C. Co. 281 Ill. 431, 118 N. E. 11; Tromblee v. North Am. A. Ins. Co. 173 App. Div. 174, 158 N. Y. S. 1014; Metropolitan C. Ins. Co. v. Johnston (C. C. A.) 247 F. 65, 7 A. L. R. 175; Verelst's Admx. v. Motor Union Ins. Co. [1925] 2 K. B. 137, 14 B. R. C. 1019; 7 Couch, Cyc. Ins. Law, § 1538b; 2 May, Ins. (4 ed.) § 462; 5 Joyce, Ins. (2 ed.) § 3289; 14 R. C. L. p. 1328, § 502.

■ The decedent sustained an accident on October 18, 1931. He died on October 20, 1931. He was unmarried. Whether he left relatives in this country does not appear. There is a suggestion that all his heirs were in the old country. He left an uncle; but whether he lived here or in the old country is not clear. This uncle was the stepfather of the administratrix. Whether he was one who would take as an heir is not shown.

The plaintiff learned of the accident to the insured soon after it occurred. After his death she went to the sheriff's office, where his papers were. She was not allowed to take them but saw the policy in suit and another in a Finnish organization of Ely. She employed an attorney. He applied for her appointment as special administratrix, and letters of administration dated November 6, 1931, were received on November 9, 1931. Written notice of the decedent's death was sent to the defendant on November 10, 1931, and it was received on November 11, 1931. It is a relevant consideration that not until the appointment of the administratrix was there a person authorized to give notice. Woodlock v. Aetna L. Ins. Co. (Mo. Sup.) 225 S. W. 994. Compare Globe Acc. Ins. Co. v. Gerisch, 163 Ill. 625, 45 N. E. 563, 54 A. S. R. 486. What the plaintiff did before was as a volunteer. She was not interested in the estate.

Upon the facts shown, the jury was justified in finding that "immediate notice" was given and that notice was given "as soon as was reasonably possible" within the meaning of the policy. A different finding would be surprising.

112

■ The policy provided indemnity "against death or disability resulting directly and independently of all other causes from bodily injury sustained through external, violent, and accidental means * * *" subject to this condition or limitation:

"If the insured shall, * * * by the wrecking * * * of any * * * private motor-driven car, while on a public highway in which insured is riding or driving, or, by being accidentally thrown from such * * * car, suffer any of the specific losses set forth * * *."

The complaint alleges that on October 18, 1931, the insured "sustained injuries while driving in a motor vehicle on a public highway by the wrecking of said automobile and injuring himself severely, by reason of which he died on October 20, 1931."

The answer contained a general denial. In addition, it specifically traversed the allegations of the complaint quoted; and as a defense it alleged:

"That whatever injuries the said Matt Laitinen sustained at the said time that said injuries or any part thereof were caused by accidental means but were sustained by reason of the voluntary act of the said Matt Laitinen in that he drove and operated the said automobile while he was intoxicated and under the influence of intoxicating liquor to the extent where he was unable by reason of said intoxication to control and operate the said automobile in a safe manner and that the said injuries were sustained solely by reason of his voluntary, careless and negligent acts in the operating and driving of said automobile while in said intoxicated condition."

For a further defense the defendant alleged that when the insured "sustained the injuries herein he was engaged in violating the law of the state of Minnesota in driving his motor vehicle upon a highway while in an intoxicated condition and that in consequence of the violation of the law as heretofore stated the said injuries were sustained and that the said injuries were the direct result of the unlawful act of the said Matt Laitinen in so operating and driving his said motor vehicle while in an intoxicated condition."

The defendant made an offer of proof of substantially the facts alleged relative to intoxication. The offer was rejected.

The burden of proving that the death of the insured was within the terms and conditions of the policy was upon the plaintiff. Milliren v. Federal L. Ins. Co. 185 Minn. 614, 242 N. W. 290; Huestis v. Aetna L. Ins. Co. 131 Minn. 461, 155 N. W. 643; Farrar v. Locomotive Engineers M. L. & A. Ins. Assn. 143 Minn. 468, 173 N. W. 705; Silva v. Fidelity & C. Co. 252 Mass. 328, 147 N. E. 858; Wilkinson v. Aetna L. Ins. Co. 240 Ill. 205, 88 N. E. 550, 25 L.R.A. (N.S.) 1256, 130 A. S. R. 269; Order of U. C. T. v. Nicholson (C. C. A.) 9 F. (2d) 7; 5 Joyce, Ins. (2 ed.) § 3791; 8 Couch, Cyc. Ins. Law, § 2239; 6 Cooley, Briefs on Ins. (2 ed.) p. 5283; 1 C. J. p. 496, § 284.

The evidence offered by the plaintiff was directed to the giving of notice. None of it referred to the facts attending the accident. The question submitted to the jury was whether notice was given as required by the policy. If it was, there was to be a verdict for the plaintiff; if not, for the defendant. The plaintiff testified. She had no knowledge of an accident to the insured. She read of one in a Virginia paper. No one else testified about the accident. There was no evidence that the insured was riding or driving in or thrown from an automobile. There was no evidence that his auto was wrecked. There was no evidence by anyone who knew, of an automobile on a public highway. There was no evidence of an injury to the insured within the terms of the policy. It may be inferred from the briefs and from the pleadings that there was an accident of some kind. In alleging a defense, which it deemed affirmative, the defendant referred to an accident to the insured. And it was stipulated at the trial that the insured "died on October 20, 1931, from the accident which occurred on October 18, 1931." If we could say that the case was tried upon the theory that insured sustained an injury while driving his auto on a public highway by accidental means, by the wrecking of his auto or by being thrown from it, within the wording of the policy, we might apply the law and determine whether accidental means resulted in the insured's death directly and independently of all other causes, and whether there was error in rejecting defendant's offer of proof. There is no

judicial justification for dispensing with proof. The circumstances of the accident must be told before we can apply the law and adjudicate the claims of the parties. There must be a new trial.

In view of a new trial, it is not improper to say that the policy says nothing as to the effect of intoxication. Often policies do. See Thompson v. Bankers M. C. Ins. Co. 128 Minn. 474, 151 N. W. 180, Ann. Cas. 1916A, 277; Flannagan v. Provident L. & A. Ins. Co. (C. C. A.) 22 F. (2d) 136; Robinson v. Hawkeye Commercial Mens Assn. 186 Iowa, 759, 171 N. W. 118; Fuller, Acc. & Emp. Liability Ins. p. 141; 6 Cooley, Briefs on Ins. (2 ed.) p. 5356; 4 Joyce, Ins. (2 ed.) § 2612; Vance, Ins. (2 ed.) p. 904. We do not understand that the defendant claims that intoxication is of. itself a defense. Its claim is that an accident was not the proximate cause of the death of the decedent under the policy requiring death to result from accidental means directly and independently of all other causes; that is, that the insured's intoxication was the proximate or at least a proximately coöperating cause of his death.

Nor does the policy provide as do many that an accident in the course of violation of law precludes a recovery. See 1 Mason Minn. St. 1927, § 2720-2; Gillis v. Duluth C. Assn. 133 Minn. 238, 158 N. W. 252; Zurich G. A. & L. Ins. Co. v. Flickinger, 33 F. (2d) 853, 68 A. L. R. 161; Whyte v. Union M. C. Co. 209 Iowa, 917, 227 N. W. 518; 6 Cooley, Briefs on Ins. (2 ed.) p. 5201; Vance, Ins. (2 ed.) p. 812; Dec. Dig. Ins. § 462. The claim of the defendant in this connection, if we understand it, is that driving while in an intoxicated condition is, in violation of the law.

Nor does the policy make diligence a requisite of recovery, nor the fact of a voluntary exposure of the insured to danger, nor the presence of contributory negligence, a defense. See Wilson v. N. W. Mut. A. Assn. 53 Minn. 470, 55 N. W. 626; Travelers Ins. Co. v. Randolph (C. C. A.) 78 F. 754; Richards v. Standard A. I. Co. 58 Utah, 622, 200 P. 1017, 17 A. L. R. 1183; Providence L. Ins. & Inv. Co. v. Martin, 32 Md. 310; Zurich G. A. & L. Ins. Co. v. Flickinger (C. C. A.) 33 F. (2d) 853, 68 A. L. R. 161; Vance, Ins. (2 ed.) p. 894; 6 Cooley, Briefs on Ins. (2 ed.) pp. 5376-5380; 5 Joyce, Ins. (2 ed.) § 2846; Dec. Dig. Ins. § 461(1).

We mention these matters in view of a new trial without suggesting what their force is.

■ The finding of the jury that timely notice of the decedent's death was given is satisfactory. A different conclusion should not have been reached by the jury. The trial was fair. The practice of excluding from a new trial issues which have been determined satisfactorily upon a fair trial, when such exclusion will not result in prejudice, finds approval in our cases. Hagstrom v. McDougall, 131 Minn. 389, 155 N. W. 391; Ertsgaard v. Bowen, 183 Minn. 339, 237 N. W. 1; Stolp v. Reiter, 190 Minn. 382, 251 N. W. 903; 5 Dunnell, Minn. Dig. (2 ed. & Supp.) § 7079. The issues upon the fact of notice, discussed in the first three paragraphs, will not be retried. The fact of the giving of notice in proper time stands as a fact settled. The new trial ordered will be upon the issues exclusive of the issues as to the giving of notice.

*DEVANEY, Chief Justice,* absent in attendance upon board of pardons, took no part.

*PER CURIAM.*

For the reasons given in the foregoing opinion, prepared by the late Justice Dibell, and in harmony with the views of the court, the order appealed from is reversed.