# Mutual Life Industrial Association of Georgia *v.* Scott.

*Action on Insurance Policy.*

(Decided Jan. 11, 1911.   54 South. 182.)

1. *Insurance; Benefit Association; Certificate; Heirs.*—The word, "heirs" as used in benefit certificates, payable to insured's wife and heirs, has reference to the heirs of the beneficiary.

2. *Same; Benefit Certificate; Proof.*—Where the action is on a benefit certificate, the burden is on the plaintiff to prove the certificate, the death of the insured, and where the amount of the benefit is dependent on membership, to prove the number of assessable members at the time of the death of insured.

3. *Same; Forfeiture.*—Where a defendant in an action on a benefit certificate claims forfeiture on account of non payment of assessment it has a burden of showing that assessments were legally made, notice thereof to the insured, and his failure to pay them.

4. *Same; Proof of Death.*—Where a mutual benefit association divides its members into divisions, each policy holder being payable out of the division where he held his policy, and insured had policies in two divisions, proof of his death in one division was sufficient.

5. *Same; Waiver.*—Where a mutual benefit association places its refusal to pay on the ground of want of liability at all, there is a waiver of formal proof of death.

6. *Same; Assessment; Notice.*—Where a policy and the papers connected therewith showed the postoffice address of the insured to be that of a certain place, and the by-laws required that notices were to be mailed to a member at his post office address, and there is nothing to indicate that he ever gave notice of any change of ad-

dress, the mere fact that he was at times at other places, did not authorize the company to send notice of assessment to such other places.

7. *Same; Jury Question.*—Where a mutual benefit association claimed to have sent notices of assessment to other places than those given in the policy as the postoffice address of insured, and there was no proof that insured ever received the same, there was a failure of proof of notice of assessment, and hence, the defendant was not entitled to the affirmative charge on the theory that the assured had not paid his assessments after notice.

8. *Evidence; Secondary Evidence; Letters.*—Where the failure to produce the original letter was not sufficiently accounted for, a witness could not testify to the contents of the letter, although claiming to have received such a letter from the insured.

APPEAL from Anniston City Court.

Heard before Hon. THOMAS W. COLEMAN, JR.

Assumpsit by Dixie L. Scott against the Mutual Life Industrial Association of Georgia, on a mutual certificate in which she was named as beneficiary. Judgment for plaintiff and defendant appeals. Affirmed.

TATE & WALKER, for appellant. The court erred in sustaining demurrers to plea A, as it was entirely competent for the appellant and the appellee to provide in the contract of insurance a self executing forfeiture of the policy upon breach of its conditions.—*Lehan v. Clark,* 43 L. R. A. 648. The insured is presumed to have knowledge of the charter and by-laws of the company and to have contracted with reference thereto. —*Sup. Comm. v. Ainsworth,* 71 Ala. 443. Counsel insist without citation of authority that the court was in error in requiring the production on the trial of the proof of death of the insured in the Anniston division. The word, heirs, as used in the policy meant the heirs of the insured and not of the beneficiary, and hence, Mrs. Scott could not maintain the action in her own name.—3 A. & E. Enc. of Law, 793; *Michigan M. B. Assn. v. Rolfe,* 76 Mich. 146. It was competent to

show an admission by the insured that he had allowed the policy to lapse.—16 A. & E. Enc. of Law, 968. Proof of death was not sufficient.—19 A. & E. Enc. of Law, 99. Counsel discuss the charges given and refused, but without further citation of authority.

KNOX, ACKER, DIXON & BLACKMON, for appellee. The court properly sustained demurrers to pleas A, B, and C.—Joyce on Insur., Sec. 1310; 25 Cyc. 921; 29 Cyc. 226; *Harlow v. Sup. Lodge*, 62 S. W. 1030; *Webber v. Ancient Order of Pyramids*, 7 Mo. 29; *Murphy v. M. R. F. L. I.*, 114 Fed. 402; *Coyle v. Ky. Soc.*, 2 S. W. 276; Niblack on Benefit Soc., Secs. 250-2. Where there are two policies with the same subject matter and issued by the same company, one set of preliminary proof is sufficient.—May on Insur., Sec. 465; *Girard Co. v. Mut. L. I. Co.*, 9 Week. Notes of Cases, 425. The policy was admissible, in the absence of a sworn plea. —*Howle v. Edwards*, 113 Ala. 187; Rule 29 C. C. Pr.; Sec. 3763, Code 1907. Proof of death was waived.— *Mercer I. Co. v. Allen*, 88 Ala. 571; *Home I. Co. v. Adler*, 71 Ala. 516; May on I., Sec. 465; 25 Cyc. 886. The burden was on the defendant to show legal levy of assessment and notice to the insured of the assessment before a forfeiture for non-payment can be worked.— *Molly v. Sup. Council*, 61 N. W. 928; *N. W. Assn. v. Schauff*, 35 N. E. 747; Niblack on Benefit Soc., Sec. 260. The evidence did not establish a sufficient predicate to authorize secondary evidence of the letter claimed to have been received from the insured as to a change in his address.—*O'Neal v. McKenwa*, 116 Ala. 620; *Ala. Const. Co. v. Meador*, 143 Ala. 336; 25 A. & E. Enc. of Law, 165. Charge 5 was correct.—*Cochran v. Kimbrough*, 157 Ala. 454. Counsel discuss other assignments of error, but without further citation of authority.

SIMPSON, J.—This action is by the appellee, against the appellant (a mutual benefit association), on a policy of life insurance, on the life of plaintiff's husband, Walter J. Scott. The policy was made payable to "Mrs. Dixie L. Scott and heirs" (said Dixie L. Scott being the wife of said Walter J. Scott).

It is insisted by the appellant that the word "heirs" referred to the heirs of the said Walter Scott, and not to those of the beneficiary, and that therefore Mrs. Scott cannot recover without joining the heirs of her husband; but the plain meaning of the term as used is Mrs. Dixie L. Scott and "her" heirs, and as she could not, while living, have any heirs, the policy is payable to her. The paper cannot be interpreted to mean the heirs of the insured, without violence to the language of the instrument itself, and there is nothing in the instrument to indicate that the word "heirs" meant children. On the contrary, the policy, in several places, refers to "the beneficiary," and nowhere speaks of "beneficiaries," showing that Mrs. Scott alone was intended to be the beneficiary, and the word "heirs" was used either as a common expression derived from conveyances of land, to indicate that Mrs. Scott was to have the absolute and entire interest, or to indicate that if she should die before her husband the proceeds of the policy were to go to her heirs. As to whether, in case of her death, her heirs would have any interest, unless they were also heirs of the deceased, need not be considered, as that is not a matter before the court.

The case of *Michigan Mutual Benefit Association v. Rolfe*, 16 Mich. 146, 42 N. W. 1094, referred to in 3 American & English Encyclopædia of Law (2d Ed.) 973, is based upon the wording of the statute, and has no application to the present case.

The burden is on the plaintiff to prove the policy, and the death of the insured, also the number of assessable members (at the time of the death) if the amount is by the policy made dependent on such number; and if the defendant claims that the policy has been forfeited by reason of the failure of the insured to pay the assessments, the burden necessarily falls on the defendant to prove that the assessments were legally made, that the insured was notified of the assessments, and that he failed to pay them.—25 Cyc. 925; 29 Cyc. 233, 245, 246; *Miles v. Mut. Reserve Fund Life Ass'n*, 108 Wis. 421, 84 N. W. 159, 161; Joyce on Insurance, § 1310; Niblack on Benefit Societies, §§ 250, 252,

The plaintiff proved the policy and the death, and it was admitted that there were 856 members of the division; but the defendant sets up the defense that the proof of death was not made in accordance with the terms of the policy and the by-laws of the association. The evidence shows that the company divided its members into divisions, each policy being payable out of the division in which he held his policy. The insured has one policy in the Anniston division, and the death was regularly and legally proved on that policy, and the amount due thereon has been paid. He also had another policy in the same company, but in the Calhoun and Cleburne division. In order to prove up this policy, application was made to the company for blank forms for regular proof of death, according to the rules of the company, and the reply was: "We have death proofs of Walter J. Scott, and have paid his claim some time ago in Anniston division. He was not a member of the Calhoun and Cleburne division at the time he died, he having allowed his policy to lapse some months previously to his death." The only purpose in requiring proof to be made of the death of the insured, is to

inform the company, accurately and authentically, and if that information has been furnished to the company, in proper manner according to its rules, we cannot see why the mere fact that the other policy was in a different class in the same company should render it necessary to again go through the same process to prove that which the company already knew.

In addition to what has been said, when the company places its refusal to pay on the ground that it is not liable to pay at all that constitutes a waiver of the necessity of formal proof.—*Knickerbocker Life Ins. Co. v. Pendleton,* 112 U. S. 696, 709, 5 Sup. Ct. 314, 28 L. Ed. 866; *Supreme Lodge Order of Mutual Protection,* 204 Ill. 527, 68 N. E. 454, 455; *Arrison v. Sup. Council of Mystic Toilers,* 129 Iowa, 303, 105 N. W. 580, 583; 29 Cyc. 151; 25 Cyc. 885, 886, and notes.

There was no error in excluding the testimony of C. S. Harris, as to the contents of a latter which he claimed to have received from the insured, as he did not sufficiently account for the failure to produce the original. The policy, with its indorsements, and the papers connected therewith, all show that the residence and post office address of the insured, at the time of the taking of the policy, was given as Piedmont, Ala., and the by-laws show that notices were to be mailed to the member "at his post-office address," and there is no proof that he ever gave notice of any change of said address. The mere fact that at times he was at Russellville, and received mail matter there, did not authorize the company to send notices there. The company does not claim that any notice of assessments claimed to be unpaid, was ever sent to Piedmont, but only to Russellville, and there is no proof that the insured ever received the same. Consequently, there was an entire failure to prove notice of the assessments.

—*Molloy v. Sup. Council of Catholic Mut. Ben. Ass'n,* 93 Iowa, 504, 61 N. W. 928.

From what has been said, it results that the plaintiff was entitled to the general affirmative charge, and it is unnecessary to consider in detail the numerous exceptions, though they will be found to be covered by the principles announced.

The judgment of the court is affirmed.

Affirmed.

DOWDELL, C. J., and McCLELLAN and MAYFIELD, JJ., concur.