# Woodmen of the World *v.* Wright.

## *Assumpsit.*

(Decided February 4, 1913.   60 South. 1006.)

1. *Insurance; Life Certificate; Self-Destruction; Intent.*—Where the action was on a mutual benefit certificate and defendant set up that deceased died in consequence of a violation or attempted violation of the laws of the state in that he shot himself while walking along the public highway, and the evidence was conflicting as to whether the shooting was an intentional voluntary act or was accidental, such issue was properly submitted to the jury, since, if it was accidental it was not suicide under section 7727, Code 1907.

2. *Same; Violation of Law.*—The fact that the insured shot himself while carrying a pistol along a public highway did not show death in consequence of violation or attempted violation of the laws of the state within such exception in the mutual benefit certificate, since the carrying of a pistol openly in the hand on the public highway is not a violation of the law.

3. *Same; Action; Complaint.*—An averment claiming $100.00 for the erection of a monument as provided for in said benefit certificate was a sufficient statement of a cause of action to withstand a demurrer.

4. *Same; Evidence.*—Where it was conceded that decedent killed himself with a pistol it was immaterial whether he had a pistol a week before or not.

5. *Same; Policy; Constructions.*—Where liability on a mutual benefit certificate was contested on the ground that the insured died by his own act or hand within an exception mentioned in the certificate, such a clause meant suicide and the court was not in error in so construing the policy.

6. *Same; Instructions.*—Where it was an issue whether insured committed suicide in violation of law or unintentionally shot him-

[Woodmen of the World v. Wright.]

self, a charge asserting that if the jury were satisfied reasonably that the insured shot himself plaintiff could not recover failed to exclude the hypothesis of unintentional shooting, and was properly refused.

7. *Same.*—A charge asserting that if insured came to his death while violating the law, then it would make no difference whether he shot himself intentionally or not, if he did kill himself, and if he, while engaged in a violation of a law, shot himself, the verdict should be for defendant, failed to require any connection between the unlawful act and the death, and was therefore properly refused.

8. *Same; Amount of Insurance; Burden of Proof.*—Where the benefit certificate provided for payment of $500.00 in case death occurred during the 1st year after insured acquired membership in the order, and an additional sum of $100.00, the fact that it also contained a provision that payment was based on one assessment on the entire beneficiary membership of the order in good standing, did not require plaintiff to aver or prove the number of members of the society in good standing, nor anything else than defendant's breach of the promise to pay the sum or sums named in the face of the certificate.

9. *Same; Monument Benefit.*—Where the certificate provided for a $100.00 monument benefit such sum was recoverable for that purpose by the sole beneficiary in the certificate.

10. *Jury; Qualification; Voir Dire.*—Where the action was on a mutual benefit certificate, it was proper to examine jurors on their voir dire to ascertain if any of them were members of the defendant association.

11. *Evidence; Hearsay.*—Where plaintiff was not present when deceased was killed, it was not competent to inquire of plaintiff whether deceased had not killed himself to keep someone else out of trouble.

12. *Same.*—Where insured after becoming wounded made declarations to witnesses showing a desire or hope of recovery such declarations were relevant on the issue as to whether the shooting was accidental or intentional.

13. *Witnesses; Cross-Examination; Scope.*—Where the defendant insurer had examined a witness with reference to what the insured had said, in connection with his hope or desire to recover after he had shot himself the witness was properly allowed to testify on cross-examination that after the shooting the insured made declarations showing hope or desire to recover.

14. *Charge of Court: Invading Jury's Province.*—A charge asserting that there was no evidence that deceased died from any other cause than from a pistol wound, invaded the province of the jury, and asserted no legal proposition.

15. *Same; Covered by Those Given.*—The court will not be put in error for refusing charges substantially covered by requested charges given.

APPEAL from Marshall Circuit Court.

Heard before Hon. W. W. HARALSON.

[Woodmen of the World v. Wright.]

Action by Isham A. Wright against the Woodmen of the World on a benefit certificate. Judgment for plaintiff, and defendant appeals. Affirmed.

The following charges were given at the instance of the plaintiff:

"(1) The words 'die by his own hand or act' in a policy of life insurance mean in general terms suicide.

"(2) The court charges the jury that the clause in the policy which states that, 'if the holder of said policy should die as a consequence of the violation or attempted violation of the laws of the state of Alabama,' the question is with you as to whether he died as a consequence of the violation or attempted violation of the laws of Alabama."

The following charges were refused the defendant:

"(1) The court charges the jury that if they are reasonably satisfied from the evidence that the deceased, B. M. Wright, shot himself, your verdict must be for the defendant.

"(2) I charge you, if you are reasonably satisfied that B. M. Wright came to his death while engaged in a violation of the law, then it would make no difference whether he shot himself intentionally or not, if you are reasonably satisfied that he did kill himself, and, if you so find, your verdict should be for the defendant.

"(3) If B. M. Wright while engaged in a violation of the law shot himself, your verdict should be for the defendant."

"(6) There is no evidence tending to show that the deceased died from any other cause than that of a pistol wound."

"(8) If the evidence shows to that reasonable satisfaction that deceased was at the time he was shot walking along a public road with a pistol in his hand, and if he was shooting along or across said public road, and

shot himself, whether intentionally or accidentally, your verdict should be for the defendant."

"(11) This charge and charges 12, 15, and 16 predicated a verdict for defendant if the jury found from the evidence that deceased was violating the law by carrying a pistol if he was on premises not his own, nor under his control, while walking along a public road or was firing a pistol across or along the road, and he either shot himself intentionally or accidentally.

JOHN A. LUSK & SON, and C. B. KENNAMER, for appellant. The court was in error in permitting the jurors to be examined as to their membership in a fraternal order.—*Bales v. The State,* 63 Ala. 30; *K. C. M. & B. v. Whitehead,* 109 Ala. 496; *K. C. M. & B. v. Ferguson,* 143 Ala. 516. Self-serving declarations are not admissible.—3 Wig. sec. 1776. Charges 6, 8, 9, 11 and 12 present the real question in the case and should have been given.—*Supreme Commandry v. Ainsworth,* 71 Ala. 436; 25 Cyc. 875; L. R. A. 155; 48 Am. Rep. 658; 49 Am. Rep. 469; 60 Am. St. Rep. 160; 112 Am. St. Rep. 368. Plaintiff was not entitled to the monument fund, and hence, could not recover. The charges relating to the measure of damages should have been given.—*M. L. I. Assn. v. Scott,* 170 Ala. 420.

W. C. RAYBURN, for appellee. Carrying a pistol openly along a public road is not a violation of law.— *Isaiah v. The State,* 58 South. 53. The jurors, if members of the order would have been disqualified on account of interest.—*Dothard v. Denson,* 72 Ala. 541. The clause in the contract exempting the insurer from liability if the insured should die by his own hand means suicide.—19 A. & E. Enc. of Law, 77; 6 Am. Rep. 115. The cause of death must be the proximate cause.—3 Kent 302; 110 Ind. 355; 65 Mich. 545; 61 N. W. 485.

PELHAM, J.—The appellee as the beneficiary in a certificate or policy of insurance brought to recover of appellant the amount alleged to be due on the beneficiary certificate issued by the appellant, a fraternal and mutual benefit association.

The defendant association set up by special pleas certain conditions or stipulations of the policy, whereby and under the conditions and terms of which it claimed there could be no recovery because of the alleged violation of these conditions of the policy by the insured. Plea No. 1 sets up as avoiding the policy a condition to the effect that, if the insured member should die in consequence of the violation or attempted violation by him of the laws of the state, the policy shall be void. Plea 2 sets up as an avoidance of liability on the policy the same condition of the policy as set up in plea No. 1, but alleges a different violation of the law than is alleged in plea No. 1. Plea No. 3 alleges a false representation made in the application for the policy as to the habits of the insured in indulging in intoxicants. Plea No. 4 also alleges a false representation with respect to a similar matter to that relied upon in plea No. 3. Plea No. 5 sets up a condition contained in the policy rendering it void if the assured should die by his own hand or act. The case was tried on issue joined on the pleadings as outlined.

The plaintiff testified on the trial of the case that he was the beneficiary named in the policy or certificate, to the death of the insured, and introduced the beneficiary certificate in evidence. The evidence introduced on the trial in behalf of the defendant tended to show that the insured came to his death from a pistol shot wound fired by his own hand under circumstances and conditions that made it a question for the jury to say whether or not death was caused by the insured volun-

tarily and intentionally taking his own life or having done so accidentally and unintentionally. The shot was shown to have been fired by the insured while standing in the public road, and, if intentionally fired, would be in violation of a statute of the state (Code, § 7727), and his death could probably be said to have been brought about in consequence of a violation of this law. But even if it be conceded that the act of shooting which was in itself a violation of the law, if intentionally committed, proximately led to the death of the assured as the natural and reasonable consequence of the act, it was nevertheless a question for the jury to determine from the conflict in the evidence whether or not the shooting was an intentional act, for, if not a voluntary act, it could not, of course, be a violation of the law. The defenses set up by these two pleas resolve themselves into practically the same proposition, and that is whether or not the shooting was an intentional, voluntary act, and under the evidence set out in the bill of exceptions that was a disputed fact for the determination of the jury; the presumption being in favor of the theory of accidental death where the evidence leaves the question in doubt as to being accidental or suicidal.— *N. Y. Mut. L. Ins. Co. v. Wiswell,* 56 Kan. 765, 44 Pac. 996, 35 L. R. A. 258.

The plea (No. 1) setting up an avoidance of the policy because of the illegal act of the assured in carrying a pistol about his person or on premises not his own or under his control "which was either intentionally or accidentally discharged by him" is not supported by the evidence under the holding in *Isaiah's Case,* 176 Ala. 27, 58 South. 53, in which carrying a pistol openly in the hand on the public highway is held not to be a violation of the law.

The plaintiff's averment in the fourth count of the complaint claiming the sum of $100 for the erection of a monument "as provided for in said beneficiary certificate" is a sufficient statement, and was not subject to the demurrers interposed.

The questions propounded to the jurors upon their voir dire to ascertain if any of them were members of the organization being sued were not improper, and besides, if error, is shown to have been without injury to the defendant, as none of the jurors responded that they were members, and no juror was excused on that account. It is entirely proper, and is in fact the duty of the court to purge the jury and endeavor to secure in the trial of cases as far as possible an absolutely unbiased panel.—*Calhoun County v. Watson,* 152 Ala. 554, 44 South. 702.

There was no error in refusing to allow the defendant to ask the plaintiff on cross-examination if his son, the deceased, had not killed himself to keep some one else out of trouble. The plaintiff was shown not to have been present when his son met his death, and could know nothing of the facts or circumstances. He subsequently testified that he did not know anything of the young man getting into trouble and having committed the act of self-destruction to save some one else, and whether or not he had written some one to that effect could not relieve the evidence the defendant sought to elicit from being entirely hearsay, or a mere conclusion based on matters that would render it inadmissible.

The mere fact, if it was a fact, that the assured had a pistol a week before the killing occurred, could have no tendency to shed light on the issues involved.

There was no error in allowing the defendant's witness Walls to testify on cross-examination by the plain-

tiff that the assured after he had shot himself made declarations showing a hope or desire to recover. It was relevant for the purpose of showing whether or not the act was intentional, and the defendant had examined this witness on direct examination with reference to what the assured had said in this connection for a similiar purpose. All this evidence was relevant and proper to be considered and weighed by the jury as tending to show the character of the transaction and as bearing on the nature of the act. There was no variance between the policy or certificate offered in evidence and that declared on in the complaint. It was further identified by being shown to be the same certificate as that issued on the application introduced in evidence by the defendant.

In giving charge No. 1 requested by the plaintiff, construing "die by his own hand or act" as it occurred in the policy to mean "suicide," the court was free from error. The charge is explanatory of charge 6 given at the instance of the defendant, and was probably requested as an explanation of that charge, and properly given as such. The terms used and considered in this connection have a known and definite legal signification, and are synonymous.—*Supreme Commandery Knights of G. R. v. Ainsworth,* 71 Ala. 436, 46 Am. Rep. 332; *Cooper v. Insurance Co.,* 102 Mass. 227, 3 Am. Rep. 451; *Schultz v. Insurance Co.,* 40 Ohio St. 217, 48 Am. Rep. 676; Niblack on Benefit Societies and Accident Ins. (2d Ed.) § 156; 37 Cyc. p. 519, note, and authorities there collected and cited.

Under the evidence in this case, it was proper to give at the instance of the plaintiff requested charge No. 2. The question was one of fact, an inference to be drawn either pro or con by the jury from the evidence, and not a question of law as applicable to the

facts in this case under the circumstances narrated by the witnesses.

Charge No. 1 requested by ·the defendant was properly refused. For aught appearing in the charge to the contrary as a hypothesis for a finding for the defendant, the deceased may have unintentionally shot himself while engaged in no unlawful act.

Refused charges Nos. 2 and 3 fail to state the connection between the unlawful act and the death. The proposition involved as correctly stated is covered by given charge No. 2.

· The court cannot be put in error for refusing charge 6, as it requires the court to charge that there is no evidence tending to show a certain fact, when it is the province of the jury, and not the court, to determine whether or not there was any evidence having a tendency to prove or disprove the issues of fact. It asserts no proposition of law, and the court was under no duty to give it.—*Mobile Co. v. Walsh,* 146 Ala. 295, 40 South. 560; *Western S. C. & Foundry Co. v. Cunningham,* 158 Ala. 369, 48 South. 109; *Crenshaw v. State,* 153 Ala. 5, 45 South. 631.

Refused charge No. 7 is covered by given charge No. 6.

Charge No. 8 predicates as a violation of the law the assured having walked along the public road with a pistol in his hand.—*Isaiah v. State, supra.* That part of the charge relating to shooting along or across the public road as a violation of the law is covered by charges 5 and 7.

Charge No. 10 is substantially covered by given charges Nos. 2, 5, 7, and 8.

Charges Nos. 11, 12, 15, and 16 are palpably bad, under the ruling in *Isaiah's Case, supra.*

Charges 13 and 14 are substantially the same as charge No. 10, and there is no error because of their refusal for the same reason as that appertaining to charge No. 10, i. e., they are covered by the given charges.

Counsel for appellant in discussing certain charges in their brief insist that the plaintiff was entitled to recover no more than nominal damages, for that the policy contains a stipulation to the effect that payment of the policy or certificate is based on "one assessment on the entire beneficiary membership of this order in good standing," and that there is also a clause providing that the sum payable shall not exceed the amount of such assessment. The beneficiary certificate sued upon is a contract to pay a specific sum or sums of money— i. e. (as applied to the proof in this case) $500—should death occur during the first year after the assured has acquired membership in the order, and also the additional sum of $100 for the erection of a monument. Under such a form of policy, so far as the amount involved is concerned, it is not necessary to aver or prove more than a breach of the promise to pay the sum or sums specified in the face of the policy or certificate. But where the contract of insurance provides that the society shall pay as many dollars, or as many times a specific sum as there are members of the society in good standing at the time of the death of the member, there must be an allegation and proof of the number of such members, because the gravamen of the action and the right to recover on the policy is made dependent on such number; and, no specific sum being named in the policy, there is no basis or data furnished for a recovery in the absence of such proof. An examination of the original record, which we have before us, in the case of *Mut. L. Ind. Ass'n of Ga. v. Scott,* 170 Ala. 420, 54 South. 182, cited and relied upon by appellant, will

show that the contract of the society declared on in that
case provided that the beneficiary should receive $1 for
every member of the division in good standing to which
the member belonged at the time of his death, and that
the complaint contained an averment of the number of
such members.  What was said in that case about the
burden of proof resting upon the plaintiff to prove the
number of assessable members had reference to the
complaint and contract there involved, where there was
no condition in the contract to pay a specific sum, but
only a conditional sum dependent entirely upon the
number of assessable members.  It has no application
to a suit on a contract or policy where it is only neces-
sary to allege and prove, as in this case, a breach of the
promise to pay the specific sum named in the face of the
contract.  If the amount fixed by the society as the
recoverable sum due under the policy exceeds the
amount of the beneficiary fund out of which it is pay-
able, this is matter alone within the knowledge of the
defendant, and must be set up as a matter of defense.
The beneficiary may declare and rely upon the express
promise to pay the maximum amount named in the con-
tract, and it is not incumbent on him to show that the
fund is sufficient to pay the demand, or that the pro-
ceeds of a proper assessment or assessments will be suf-
ficient, for the society is prima facie liable for the maxi-
mum amount named in the policy.  Where the contract
provides only that the society shall pay as many times
a certain sum of money as there are members at the
time of the death of the member insured (as in the case
of *Mut. L. In. Ass'n of Ga. v. Scott supra*), or where it
merely provides that an assessment shall be levied upon
the surviving members and the proceeds paid to the
beneficiary, the burden is on the plaintiff to prove the
number of assessable members, or the amount which

would be realized from the assessment, but that burden of proof is not on the plaintiff in a case like this, where the suit is on a contract to pay a specific named sum out of a death fund maintained by the defendant. In such a case the beneficiary has a prima facie right to recover the maximum amount named in the face of the policy.—Niblack on Benefit.Societies and Accident Ins. (2d Ed.) §§ 334, 340, 343; *Met. Safety Fund Accident Ass'n v. Windover*, 137 Ill. 417, 27 N. E. 538; *Elkhart Mutual Aid B. & R. Ass'n v. Houghton*, 103 Ind. 286, 2 N. E. 763, 53 Am. Rep. 514; *Lueder's Ex'r v. Hartford Life & Annuity Ins. Co.* (C. C.) 12 Fed. 465; *Supreme Lodge K. of P. v. Knight*, 117 Ind. 489, 20 N. E. 479; 3 L. R. A. 409; *Supreme Council A. L. of H. v. Anderson*, 61 Tex. 296; *Kansas Protective Union v. Whitt et al.*, 36 Kan. 760, 14 Pac. 275; 59 Am. Rep. 607; *Lawler v. Murphy et al.*, 58 Conn. 295; 20 Atl. 457, 8 L. R. A. 113.

It is also argued by counsel for appellant that the written instructions requested excluding the plaintiff's right to recover the amount for a monument should have been given. The complaint alleges a sum ($100) due the plaintiff for the erection of a monument as provided by the beneficiary certificate, the certificate introduced provides for the payment of the additional sum of one hundred dollars for that purpose, and we can see no reason why the plaintiff, the sole beneficiary, is not entitled to recover on this clause of the defendant's contract.

The vital and substantial questions involved in the case, and the issues upon which it seems to have been tried, viz., first, whether the assured came to his death accidentally or whether it was occasioned by a voluntary and intentional act upon his part, and, second, whether or not the assured met his death while engaged

in and as a consequence of an unlawful act, such a voluntarly unlawful act that the natural and reasonable consequences of the act caused or proximately led to the death, were each matters of controversy, questions of disputed fact under the evidence set out, that could only be determined by the jury from the evidence adduced upon the trial. The trial court submitted these disputed questions of fact to the jury under instructions given at the request of the defendant that, to say the least of it, were liberal in a presentation of the law of the case to the jury from the defendant's side of the issues. We find no charges refused to the defendant stating correct propositions of law that are not substantially and fully covered by the given charges, nor do we find reversible error in the rulings of the trial court on any matter assigned as error, and the case will be affirmed.

Affirmed.