30066. CHRISTENSEN *v.* NEW ENGLAND MUTUAL LIFE INSURANCE COMPANY.

DECIDED JULY 14, 1944.

*Scott, Dunaway, Riley & Wiggins,* for plaintiff.

*Jones, Williams & Dorsey,* for defendant.

SUTTON, P. J. (After stating the foregoing facts.) It appears from the evidence that the plaintiff's husband, immediately before his body was precipitated through the window of his room on the sixth floor of the hotel, and fell to the mezzanine roof some forty-three feet below, was in a state of fright or delirium, and it not appearing from any evidence that he possessed any realization of the height of the window from the roof on which his body fell, and since there must be some mental intent on the part of a person to take his own life by the doing of some act which would naturally

tend to destroy his life in order to constitute death by his own act, suicide, the inference is not demanded, even though the plaintiff's husband by his own act may have precipitated his body through the window, that his act was done with suicidal intent, irrespective of whether he at the time was sane or insane.

Where a person is found dead under circumstances which are consistent with non-suicidal death, the presumption is that such death was not suicidal. *Mutual Life Ins. Co.* v. *Burson, 50 Ga. App.* 859 (6) (179 S. E. 390) ; *Jefferson Standard Life Ins. Co.* v. *Bentley, 55 Ga. App.* 272 (190 S. E. 50). There being a presumption under the evidence here that the insured did not die by his own hand or act with suicidal intent, and a presumption that his death, although caused by his own hand or act, was accidental and without suicidal intent, and the defense of suicide by the defendant being an affirmative defense, and the burden being on the defendant to establish such defense, it was error for the court to direct a verdict for the defendant.

Under the evidence and the ruling of the Supreme Court in answer to the question certified by this court, the defendant company is liable for the face amount of the policy sued on, and the court erred in directing a verdict for the defendant, and in overruling the plaintiff's motion for a new trial. See *Christensen* v. *New England Mutual &c. Co., 197 Ga.* 807 (30 S. E. 2d, 471).

*Judgment reversed. Parker, J., concurs.*

FELTON, J., concurring specially. I think the evidence demands the finding that the insured jumped from the window while insane. The burden of proving that he jumped with the intention of taking his life was on the insurance company. The evidence is consistent with the two opposing theories, one, that he jumped to save his life, and, two, that he jumped to destroy his life. In such circumstances, under uncontradicted evidence, the party having the burden of proof cannot prevail, and for that reason the court erroneously directed a verdict for the defendant insurance company.