### 37592. HOOD *v.* LIFE & CASUALTY INSURANCE COMPANY OF NASHVILLE, TENNESSEE.

CARLISLE, Judge. 1. Where the evidence showed that the deceased was seated in the kitchen of a neighbor's house conversing with the neighbor and that someone came to the front door of the house and knocked on the door; that the neighbor and the deceased had some conversation which indicated that they thought that the party, or parties, knocking on the door was the sheriff coming to arrest the deceased at the behest of his wife, and where the deceased said, "He was not going to jail any more"; that the neighbor left the room, went to the door and conversed with the parties at the door, returning to the room some ten minutes later to find the deceased dead as the result of a gun-shot wound in the head; and, where the evidence showed that the deceased did not have the gun with him in the kitchen at the time the neighbor left, but that when the neighbor came back into the kitchen the deceased was sitting in a chair with the gun leaning against his leg and a bullet hole in his temple inflicted by a .22 rifle held in contact with his temple, the finding of the jury that the death was due to suicide was at least authorized by the evidence. Insofar as the general grounds of the motion for a new trial and the motion for a judgment n.o.v. are concerned, nothing in *Christensen* v. *New England Mutual Life Ins. Co.,* 71 *Ga. App.* 393 (31 S. E. 2d 214), and *Mutual Life Ins. Co.* v. *Bursen,* 50 *Ga. App.* 859 (179 S. E. 390), requires a different result from that above mentioned.

2. The portion of the charge on which error is assigned in the first special ground of the motion for a new trial was not subject to the criticism leveled against it in that ground. Properly analyzed, this portion of the charge instructed the jury as to the effect of the presumption against suicide in those situations where no evidence is introduced from which it can be inferred whether the death was accidental or suicide and as to the effect of the presumption in those situations where the evidence as to whether the cause of death was accidental or suicidal is conflicting, this charge was a concise and exact statement of the law as laid down by Judge Stephens in *New York Life Ins. Co.* v. *Ittner,* 59 *Ga. App.* 89, 93 (200 S. E. 522).

3. The charge when considered in its entirety was, if anything, more favorable to the plaintiff than to the defendant. The fact that the court at several points reiterated that the burden was on the plaintiff to show by a preponderance of the evidence that the insured's death was caused by bodily injury effected solely through external, violent, and accidental means as complained of in the second special ground of the motion for a new trial will not require a reversal of the case.

4. The third special ground of the motion for a new trial does not show harmful error. The testimony objected to in that ground was that an inquest as to the cause of the insured's death was held, it being contended that no legal inquest was held. This testimony in and of itself may have been irrelevant to any issue in the case in that it did not tend to illustrate or prove one side of the issue or the other, but for this very reason, it cannot be said that it was harmful to the plaintiff. Furthermore, the plaintiff made no effort to cross-examine the witness or to show that no legal inquest had been held. Nor did counsel request that the court instruct the jury in this regard, and in the absence of some affirmative showing that the inquest referred to in the testimony objected to was not a legal inquest, the admission of this evidence over objection will not require a new trial.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED APRIL 7, 1959.

A. C. Felton, III, for plaintiff in error.

*Martin, Snow, Grant & Napier, T. Baldwin Martin, Jr.,* contra.

It is only necessary to set out the substance of the plaintiff in error's contentions in the first special ground of the motion for a new trial, which is ruled on in division 2 of the opinion. The rulings in headnotes 1, 3 and 4 are self-explanatory.

The first special ground of the motion for a new trial assigned error on a portion of the charge as follows: "The plaintiff must make out her case, and in doing so where the fact of death is established as alleged and within the terms of the policy and the evidence points equally or indifferently to accident or to suicide as the cause thereof, the theory of accident rather than suicide

is to be adopted. This rule means that upon proof of a violent death such as death from a gun shot wound if there should be no evidence from which it can be inferred whether the death was accidental or suicide and therefore the evidence points equally either way, the presumption against the death by suicide comes to the aid of the plaintiff, and the jury under such circumstances would be authorized to find that the death was due to accident. But should there be conflicting evidence as to whether the cause of death was accidental or suicidal and the jury under the evidence would be authorized to infer from the evidence either way, this presumption disappears although the facts upon which the presumption rests is a person's love of life rather than death may still be considered by the jury in arriving at a conclusion." This ground of the motion makes the following contention: "Movant contends that an improper yard stick is given the jury because in the first quoted portion the Court says that if the evidence points equally either way, there is a presumption against suicide and immediately thereafter says that where the jury can infer from the evidence either way, the presumption has disappeared.

"We respectfully submit that it would be virtually impossible for the jury to properly evaluate and apply these instructions, if in fact they can be applied.

"The quoted portion of the charge is erroneous for the further reason that said charge states: 'but should there be conflicting evidence as to whether the cause of death was accidental or suicidal and the jury under the evidence would be authorized to infer from the evidence either way, this presumption disappears . . .'"

"Movant contends that the vice in this portion of the charge lies in the fact that there is no conflict in the evidence anywhere in the record and the charge authorizes the jury to find the conflict where no conflict exists."