No. 19,667.

WILLIAM L. WILDER *v*. ANNA BAKER.
(362 P. [2d] 1045)

Decided June 19, 1961.   Rehearing denied July 17, 1961.

Mr. FRANK P. LYNCH, JR., Mr. KENNETH C. GROVES, for plaintiff in error.

No appearance for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

DEFENDANT in error, to whom we will refer as plaintiff, brought this action in the district court against William L. and Lillian E. Wilder to recover an amount allegedly due under the terms of a written contract made by the

parties. The Wilders were husband and wife when the contract was made. Plaintiff is the mother of Lillian E. Wilder.

The contract was attached to and incorporated in the complaint as Exhibit A. It appears from said exhibit that plaintiff borrowed money on the security of real estate owned by her; that she turned over to the Wilders $2,000.00 of the sum borrowed; that the Wilders agreed to pay off the loan to the extent of the amount received by them, plus certain other expenses connected with obtaining the money.

It was alleged in the complaint that the Wilders failed to pay and that plaintiff was compelled to make repayment of the loan to prevent loss of her property. No service of process was had upon Lillian E. Wilder. William Wilder denied liability, and alleged that the debt had been discharged in bankruptcy proceedings. The case was tried without a jury and resulted in the entry of a judgment in favor of plaintiff for the sum of $2,120.00. William Wilder seeks review by writ of error.

The findings of the trial court point up the argument relied upon for reversal. The pertinent portion thereof is as follows:

" * * * In the course of the trial, plaintiff stated, under cross-examination, that she did not intend to pursue her claim against the defendant Lillian E. Wilder and that she had released the said Lillian E. Wilder from her obligations under said contract. Defendant contends that this statement of plaintiff constituted a full and complete release of the defendant William L. Wilder on the ground that the release of one joint obligor releases the other obligors. The defendant also contended that the indebtedness was discharged in bankruptcy and introduced Defendant's Exhibit 1 as evidence that the said defendant, William L. Wilder, has been declared and discharged as a bankrupt. There was no evidence introduced showing that plaintiff's indebtedness was listed in defendant William L. Wilder's bankruptcy schedule but

it was contended by defendant that plaintiff had made Helen W. Meyer and Leonard Meyer her agents and that, as Leonard Meyer had been advised of defendant's bankruptcy proceedings, his knowledge of the bankruptcy was imputed to plaintiff. * * * "

With reference to the first argument above mentioned, the findings of the court quoted at some length from the testimony of plaintiff, and at the conclusion thereof we find the following:

"From the foregoing, we have the inconsistency of the witness stating on cross-examination that she had released her daughter but, on direct examination denying that she had released her daughter. But regardless of the testimony, we know that there was no formal. or actual release of the defendant Lillian E. Wilder such as would constitute a release of the defendant William L. Wilder as co-obligor.

"As a proposition of law, said oral statement comes within the general statement of the law as set forth in 76 CJS pp. 633-634:

" 'As a general rule, in the absence of a statute providing otherwise, except where one has been induced by a release without consideration to alter his position to his prejudice, a release not under seal, in order to be effective, must be supported by a sufficient, valid, or valuable consideration * * *. Under some statutes the rule has been changed to the extent that a release in writing need not be supported by consideration but, where the release is *oral,* it must be supported by consideration.' (Emphasis supplied.) "

■ "It appears that the plaintiff, by her testimony, was merely attempting to explain her reasons for not serving a summons upon the defendant Lillian E. Wilder in response to questions by counsel for defendant as to why she did not serve said defendant. Under Rule 20 (c), RCP, it was unnecessary for plaintiff to serve a summons upon defendant Lillian E. Wilder as she could have sued either defendant at her option.

"Rule 20 (c) — 'PARTIES JOINTLY OR SEVERALLY LIABLE. Persons jointly or severally liable upon the same obligation or instrument, including the parties to negotiable instruments, may all or any of them be sued in the same action, at the *option of the plaintiff.*' (Emphasis supplied.)

"From the foregoing, it will appear, and we so find, that the oral statement of plaintiff on the witness stand that she had released defendant Lillian E. Wilder from the obligations of the contract was insufficient in law to constitute a valid release of either William L. Wilder or Lillian E. Wilder as co-obligors or otherwise."

We are in complete agreement with the trial court's conclusion and have no hesitancy in saying that no error was committed in that connection.

With reference to the defense that the indebtedness had been discharged in bankruptcy, we again quote from the trial court's findings pertinent portions which are a complete answer to the argument of counsel for Wilder:

"The next question involves the bankruptcy of William L. Wilder and whether or not notice to an agent imputes knowledge to the principal.

"It appears from the evidence that the only authority either of the Meyers had in connection with the Wilder-Baker transaction was to collect payments to be made by the Wilders and apply said payments on the note held by Helen W. Meyer. There is nothing in the evidence to indicate that it was within the scope of the Meyers' authority to accept notice of bankruptcy of the Wilders on behalf of the plaintiff and, therefore, the knowledge of the Meyers of the Wilder bankruptcy proceedings cannot be imputed to the plaintiff. The Court is of the further opinion that as said indebtedness was not listed in the schedule of indebtedness in the William L. Wilder bankruptcy proceedings, said debt was not discharged, and the Court so finds."

There is competent evidence to support the findings

of the trial court in the particulars mentioned and its conclusions based thereon were correct.

The judgment is affirmed.

MR. JUSTICE DAY and MR. JUSTICE DOYLE not participating.