Barbara DENT, Appellant,

v.

**VIRGINIA MUTUAL BENEFIT LIFE INSURANCE COMPANY, Appellee.**

No. 3985.

District of Columbia Court of Appeals.

Argued Dec. 5, 1966.

Decided Feb. 3, 1967.

---

4. See United States v. Shaw, D.C.App. (No. 4053, decided February 3, 1967).

Tench T. Marye, Washington, D. C., for appellant.

Winfred R. Mundle, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge.

Appellant is the beneficiary of a life insurance policy issued to her husband by appellee. The policy provided that the company would pay $1,000 upon the death of the insured but that if he should die within the first two policy years "by his own hand or act," its liability would be limited to a return of the premiums paid. The facts are not in dispute that during the two-year period, appellant's husband, while a guest at a social gathering, initiated a quarrel with, and shot at, another guest, and shortly thereafter, during another shooting incident, was shot and killed in self-defense by a brother of that guest. The trial court ruled that the insured died "by his own act" and that appellee was only liable for a return of the premiums.

▆▆▆ It has been uniformly held that the phrase "dies by his own hand or act" is synonymous with "dies by suicide," and contemplates a voluntary, intentional self-destruction. Woodmen of the World v. Wright, 7 Ala.App. 255, 60 So. 1006, 1008 (1913); Christensen v. New England Mut. Life Ins. Co., 71 Ga.App. 393, 31 S.E.2d 214, 216 (1944); Supreme Forest Woodmen Circle v. Newsome, 63 Ga.App. 550, 11 S. E.2d 480, 492 (1940); Dickerson v. Northwestern Mut. Life Ins. Co., 200 Ill. 270, 65 N.E. 694, 696 (1902); North American

Union v. Oleske, 64 Ind.App. 435, 116 N. E. 68 (1917); Strawhorne v. Atlantic Coast Life Ins. Co., 238 S.C. 40, 119 S.E.2d 101 (1961). We agree that this is the most reasonable construction of that phrase. Turning then to the facts of the instant case, it is clear that the insured did not die by suicide. It cannot logically be said that by shooting at another, he was engaging in an act of voluntary, intentional self-destruction. It is possible, of course, that under certain circumstances one may engage in a course of conduct designed to result in his own death. There is no showing, however, that this is that type of case. We hold that appellant's husband did not die by his own act, and reverse the judgment of the trial court.

▆▆▆ Appellee contends, however, that to permit recovery by even an innocent beneficiary when death is the result of the insured's criminal conduct is contrary to public policy. We disagree. If insurance companies desire to avoid liability on such ground, they are free to insert a clause in their policies to that effect. Such a clause would be valid and binding. 1A Appleman, Insurance Law and Practice § 511 at 268 (1965). The policy involved herein was si-

lent on this matter, and, under the circumstances, we are inclined to follow the views of Judge Parker [1] as stated in Zurich General Accident & Liability Ins. Co., etc. v. Flickinger, 33 F.2d 853, 855–856, 68 A.L.R. 161 (4th Cir. 1929):

"In the absence of such provision [exempting the insurer from liability for injury sustained as the result of violation of law], we think it is clear that the insurer is liable, notwithstanding the insured may have been injured as a result of violating the law, *if it does not appear that the policy was obtained in contemplation of such violation and the danger consequent thereon.* * * * It is a violation of law for two men to engage in an affray; but would any one contend that, in the absence of special provision in the policy, recovery could not be had for death resulting from such affray? It is a violation of law to drive an automobile at a greater rate of speed than prescribed by statute; but no one would contend, in the absence of special provision in the policy, that the beneficiary of one killed while speeding could not recover thereunder." (Emphasis added.)

Reversed.

1. See also 1A Appleman, supra, at 267.