Ray F. DICKMAN, Rodman Lee Dickman, and Leslie Donald Dickman, by Ray F. Dickman, Their Father and Next Friend, Plaintiffs-Appellees,

v.

Lee DeMOSS, Defendant-Appellant.

No. 81CA1088.

Colorado Court of Appeals, Div. III.

Sept. 2, 1982.

Modified on Denial of Rehearing Oct. 21, 1982.

Certiorari Denied Jan. 24, 1983.

Woodrow, Roushar & Weaver, Frank J. Woodrow, Montrose, for defendant-appellant.

Gerald B. Feather, P.C., Gerald B. Feather, Sara S. Hermundstad, Grand Junction, for plaintiffs-appellees.

SMITH, Judge.

Appellant, DeMoss, seeks to reverse an order wherein his motion for an injunction to prevent collection of a judgment was denied. We affirm the order.

In January of 1963, Ray F. Dickman (Dickman) recovered a $25,000 judgment against DeMoss for the wrongful death of his wife. Two months later, DeMoss filed, in Kansas, a federal petition in bankruptcy. He scheduled the judgment and an order of discharge was ultimately entered.

Upon Dickman's death in 1978, Ray F. Dickman, Jr., (plaintiff) discovered the unsatisfied judgment while inventorying his father's estate. Obtaining a writ of execution, he sought to levy upon DeMoss' home in Colorado. DeMoss moved for an injunction to prevent further proceedings toward collection. At the hearing upon the motion, DeMoss asserted the discharge of the debt by the 1963 bankruptcy as a bar to execution.

The trial court determined that Dickman's address had been incorrectly listed on the bankruptcy schedule. It therefore rejected any presumption that Dickman had received notice of the bankruptcy, and concluded that the judgment could not have

been discharged unless it could be shown that Dickman had actual notice or knowledge of the bankruptcy. DeMoss asserted that notice had been mailed to the attorneys who had represented Dickman in the wrongful death action and in subsequent attempts to collect the judgment. He argued that notice to his attorneys constituted notice to Dickman.

The trial court rejected this argument and concluded that DeMoss had not established that Dickman had either actual or imputed notice. We agree.

In reaching its determination, the trial court relied primarily on the case of *Strickland v. Capital City Mills,* 74 S.C. 16, 54 S.E. 220 (1906). We adopt the rule of that case which includes a definitive statement on the law with regard to imputed notice from attorney to client in the same situation as is here involved, including the same notice requirements found in 11 U.S.C. § 35 (Bankruptcy Act § 17(a)(3)).

▮ Generally, notice to the attorney is notice to the client. However, the notice to, or knowledge of, the attorney must relate to the proceedings for which he has been employed. *See Bunnell v. Holmes,* 64 Colo. 345, 171 P. 365 (1918). In *Strickland, supra,* it was held that an attorney employed to represent a creditor in a suit on a claim in the state court did not, by virtue of that relation, represent the creditor with respect to the same debt or claim when listed in a federal bankruptcy proceeding. It ruled that such notice was not "notice to a duly authorized attorney in the sense that the bankruptcy statute requires so as to bind the creditor." *See In re Porter,* 16 B.R. 229 (1981); *see also Wilder v. Baker,* 147 Colo. 92, 362 P.2d 1045 (1961).

▮ In the present case, DeMoss had the burden of proof of showing notice to, or knowledge of, Dickman relative to the bankruptcy. *Ward v. Meyers,* 265 Ark. 448, 578 S.W.2d 570 (1979). DeMoss offered no evidence from which it could be concluded that Dickman had such actual or imputed notice or knowledge.

The only evidence presented was to the effect that attorney Harrison Loesch had represented the Dickman's interests in the wrongful death action. There was no evidence showing any authorization to Loesch to represent Dickman's interests in the bankruptcy proceeding.

The record discloses that attorney Loesch had hired another attorney to assist him in collecting the wrongful death judgment to whom, it is alleged, notice was sent. However, DeMoss did not present any evidence, nor does any appear in the record, to establish that the hiring of the second attorney was done with Dickman's knowledge or consent. The burden relative to this issue is likewise governed by *Ward v. Meyers, supra.* Thus, such attorney could, at the most, have no more authority than Loesch himself had relative to representation of Dickman. No express authorization to represent Dickman in the bankruptcy being shown, any notice to either attorney was not notice to Dickman as required by the bankruptcy statute, and, therefore, the debt was not discharged. Plaintiff is thus entitled to proceed on the judgment entered in the wrongful death action.

Order affirmed.

KELLY and KIRSHBAUM, JJ., concur.