**ROSE MEDICAL CENTER, a non-profit Colorado corporation, Plaintiff–Appellee,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois corporation, Defendant–Appellant.**

No. 93CA2071.

Colorado Court of Appeals, Div. II.

Dec. 1, 1994.

As Modified on Denial of Rehearing Jan. 12, 1995.

Certiorari Denied Aug. 28, 1995.

Sabey, Johns, Ordelheide & Smith, P.C., Melvin B. Sabey, Mark L. Sabey, Denver, for plaintiff-appellee.

Rodman & Ross–Shannon, Bradley Ross–Shannon, Denver, for defendant-appellant.

Opinion by Judge ROY.

In this action to enforce a statutory hospital lien, defendant, State Farm Mutual Automobile Insurance Company (State Farm), appeals the summary judgment entered in favor of plaintiff, Rose Medical Center (Rose), enforcing the lien. We affirm.

The facts are not in dispute. Claudia Holland was injured in a two-vehicle accident while a passenger in a vehicle driven by her husband, Wesley Holland. She then commenced an action against her husband seeking damages for bodily injuries she sustained. State Farm was the bodily injury insurer for Mr. Holland and it provided his defense. State Farm also provided personal injury protection (PIP) coverage for Mrs. Holland under, apparently, the same policy.

Rose provided medical services to Mrs. Holland for her injuries. On April 24, 1991, Rose filed a notice of hospital lien for $15,-702.93 in the then pending litigation, gave notice to Mrs. Holland's counsel on that date, and to insurance counsel on July 11, 1991, all pursuant to, and in a manner provided by, § 38–27–102, C.R.S. (1994 Cum.Supp.).

Mrs. Holland commenced an arbitration proceeding against State Farm with respect to PIP benefits on March 28, 1991, and listed Rose as a provider of services. State Farm appeared in and defended the arbitration proceeding through other counsel. Mrs. Holland was awarded $52,913.42 in PIP benefits on November 27, 1991, including interest to date, together with undetermined attorney fees and costs. State Farm paid Mrs. Holland $70,000 pursuant to the arbitration award on January 17, 1992, which amount included costs, attorney fees, and interest to date without first satisfying the hospital lien filed by Rose.

Thereafter, on June 11, 1992, Mrs. Holland settled her claims against Mr. Holland for $1.00 and dismissed the litigation. The $1.00 was not paid to Rose.

Rose then filed this proceeding against State Farm seeking to enforce its hospital lien. From an adverse ruling, State Farm brings this appeal.

## I.

A hospital lien is established and controlled by statute. Section 38–27–101, C.R.S. (1994 Cum.Supp.) provides with respect to the scope of such lien as follows:

Every hospital ... which furnishes services to any person injured as the result of the negligence or wrongful acts of another person ... shall ... have a lien for all reasonable and necessary charges for hospital care upon the net amount payable to such injured person ... out of the total amount of any recovery or sum had or collected, or to be collected, whether by judgment, settlement, or compromise, by such person ... as damages on account of such injuries....

The obvious intent of the hospital lien statute is to protect hospitals that provide medical services to an injured person who may not be able to pay but who may later receive compensation for such injuries which includes the cost of the medical services provided. *See* Annotation, *Construction, Operation, and Effect of Statute Giving Hospital Lien Against Recovery from Tortfeasor Causing Patient's Injuries,* 16 A.L.R. 5th 262 (1993).

A hospital lien may be perfected only by following certain statutory requirements. At the time Rose filed its lien, the pertinent statute establishing the requirements provided:

Such lien shall take effect if, prior to any such judgment, settlement or compromise, a written notice of lien containing the name and address of the injured person, the date of the accident, the name and location of the hospital, and the name of the person alleged to be liable to the injured person for the injuries received is filed by the hospital in the office of the division of insurance, which shall maintain and index appropriate records for hospital liens. Within ten days after such filing, the hospital shall mail by certified mail, return receipt requested, a copy of said notice to such injured person, to his attorney, if known, to the person alleged to be liable to such injured person for the injuries sustained, and to the insurance carrier, if known, which has insured such person alleged to be liable against such liability. *If an action for damages on account of such injuries or death is pending, the requirements of notice contained in this section shall be satisfied by the filing of the said notice of lien in the pending action, with copies thereof to the attorneys of record for the parties thereto.*

Section 38–27–102, C.R.S. (1982 Repl.Vol. 16A) (emphasis added). *Cf.* § 38–27–102, C.R.S. (1994 Cum.Supp.) (changing the place for filing to the secretary of state).

This section establishes two separate and distinct but equal methods by which a hospital may perfect a lien against proceeds payable to an injured party. Rose perfected its lien by the second method.

The enforcement provision of the statute states:

> Any person, private or corporate, who pays over any money to any such injured person, his attorney, heirs, assigns, or legal representatives against whom there is a lien as provided in this article of which he has received notice ... is liable to the hospital having such lien for the amount thereof. ... Any action under this section shall be commenced within one year after the date of such payment, and the court shall allow a reasonable attorney's fee for the collection and enforcement of such lien.

Section 38–27–103, C.R.S. (1982 Repl.Vol. 16A).

Pursuant to these provisions, the trial court found that State Farm was liable for the full amount of the hospital lien filed by Rose plus reasonable attorney fees.

## II.

■ The sole issue on appeal is whether State Farm had adequate notice of the lien filed by Rose. We conclude that, under the circumstances presented here, the notice was adequate.

It is unquestioned that Rose's lien was perfected in accordance with the statute well prior to Mrs. Holland receiving any PIP benefits pursuant to the arbitration award or the proceeds of the settlement in her personal injury action. Also, it is undisputed that defense counsel received notice of the hospital lien and would normally have informed State Farm, but has no specific recollection or record of doing so prior to the distribution of the PIP benefits. State Farm states that it was not notified by defense counsel of the hospital lien prior to distribution of the PIP benefits.

We are cognizant that defense counsel is not counsel to the insurance company nor is defense counsel an agent for the insurance carrier for all purposes. *See Colorado Bar Association Ethics Opinion,* No. 91 (1992). While there is inherent tension in the tripartite relationship among the insured, the insurance company, and defense counsel, we conclude our holding, under the facts presented here, does not further complicate that relationship.

State Farm appears to acknowledge that it had notice of the hospital lien for bodily injury liability purposes. To the extent, if any, State Farm denies such notice, or the adequacy thereof, we conclude otherwise.

State Farm does not dispute that the hospital lien would apply to PIP benefits if perfected by filing with the insurance commissioner with notice as required by § 38–27–102, C.R.S. (1982 Repl.Vol. 16A). It, however, contends that perfection of the lien in the litigation does not reach PIP benefits. The apparent basis for its position is that bodily injury claims are administered separately by State Farm and, therefore, notice in one proceeding, or with respect to one coverage, is not effective with regard to other proceedings or coverages. We reject this analysis in the situation here in which both coverages are provided by the same carrier presumably under the same policy. We need not, and do not, address the situation in which bodily injury coverages and PIP benefits are provided by different carriers.

■ Though there is no authority in Colorado, and some authority in other jurisdictions to the contrary, we conclude that when an insurance carrier receives adequate notice of a claim under one policy or coverage, it has notice as to all coverages when, as here, the information contained in the notice is sufficient for both. *See Duggan v. Travelers Indemnity Co.,* 383 F.2d 871 (1st Cir.1967) (multiple policies); *Mangol v. Metropolitan Life Insurance Co.,* 103 F.2d 14 (7th Cir. 1939) (multiple policies); *Mutual Life Industrial Ass'n v. Scott,* 170 Ala. 420, 54 So. 182 (1911) (multiple policies); *Dietlin v. General American Life Insurance Co.,* 4 Cal.2d 336, 49 P.2d 590 (1935) (multiple policies); *Caldwell v. Life & Casualty Insurance Co.,* 38

18

Ga.App. 589, 144 S.E. 678 (1928) (multiple policies); *Automobile Insurance Co. v. Thomas,* 153 Md. 253, 138 A. 33 (1927) (multiple coverages); *Canney v. Massachusetts Bonding & Insurance Co.,* 88 N.H. 325, 189 A. 168 (1937) (multiple policies); Annotation, *Notice or Proof of Loss Under One Policy as Notice or Proof of Loss Under Another Provision of Same Policy or Another Policy Issued by Same Insurer,* 29 A.L.R.3d 856 (1970). These authorities deal not with lien statutes but claims. We see no reason why this distinction should make a difference.

In *Dietlin, supra,* the insured had one disability policy and two life policies with disability benefits with the same company. The insured applied for and received benefits under the disability policy for its limited period following which the company refused benefits under the life policies for permanent total disability because timely application had not been made with respect to those policies. The court stated:

> The circumstances of this case are such that plaintiff's failure to furnish formal proof of disability under the life policies is not fatal to his right to recover on these policies. In our opinion, the record indicates that defendant had ample and timely notice and proof of plaintiff's disability. We fully appreciate that such notice and proof were furnished to the accident division of defendant company or to a representative of that division. . . . The defendant's division of its business among several departments should not be permitted to work a hardship upon the insured.

*Dietlin v. General American Life Insurance Co., supra,* 49 P.2d at 597–98.

We note that these cases, which by no means exhaust the authority, predate modern data processing and, in many instances, modern communications. We see no reason why, under the facts of this case, State Farm should not be held to the same standard.

The notice filed by Rose in the personal injury proceedings, a copy of which was served on defense counsel, stated, in pertinent part, as follows:

> Notice is hereby given, pursuant to Section 38–27–101, C.R.S. *et seq.,* that Rose Medical Center . . . rendered medical care and treatment to Claudia J. Holland . . . as a result of injuries sustained by Ms. Holland in an accident occurring on or about December 10, 1989. The above-named defendant [Mr. Holland] is allegedly liable to Ms. Holland for the injuries she sustained. *Rose hereby claims a lien on any money due or owing, or on any claim for compensation, damages, contribution, settlement or judgment from* the Defendant alleged to have caused the injuries and/or *any other person, corporation or association liable for the injury or obligated to compensate the injured person on account of the injuries.* (emphasis added)

While the authority does not designate the manner of perfection, hospital liens have been held to apply to PIP benefits. For example, in *Fernandez v. South Carolina Insurance Co.,* 408 So.2d 753 (Fla.Dist.Ct. App.1982), the court held that a hospital lien statute granting a lien on "all causes of action, suits, claims, counterclaims and demands accruing to" a patient subjected PIP benefits to a validly perfected hospital lien. Our statute is equally encompassing.

In our view, the notice given by Rose was broad enough to cover all funds payable to Mrs. Holland by any person or corporation given notice and bound by the lien regardless of the coverage or other basis for the obligation to make payment.

### III.

█ State Farm argues that making a hospital lien perfected by filing in the personal injury litigation applicable to PIP benefits denies it due process of law and renders an otherwise constitutional statute unconstitutional. We disagree.

State Farm relies on *Dickman v. Demoss,* 660 P.2d 1 (Colo.App.1982) in which a division of this court held that notice to, or knowledge of, an attorney is notice to the client only with respect to the matter for which the attorney has been employed. *Dickman* is inapposite as defense counsel is not counsel to State Farm in the litigation but is, indeed, counsel to the insured, Mr. Holland.

State Farm does not cite nor are we aware of other direct authority for its position. We conclude that, while the means of notice may not be optimum, any deficiency does not rise to constitutional dimensions.

Judgment affirmed.

PLANK and HUME, JJ., concur.